# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MALAIKA LEWIS,** *et al.*, <br><br> **Plaintiffs,** <br><br> **v.** <br><br> **DISTRICT OF COLUMBIA,** *et al.*, <br><br> **Defendants.** | **No. 1:22-cv-03369-RDM** |

## DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendants District of Columbia (the District) and George Arhin, Monique Boyd, Diane Brooks, Natalie Charles, Albert Cipolari, Benjamin Finck, Chad Hambrick, Anthony Hector, Richard Kennedy, James Koenig, LaShaun Lockerman, Johnathan Matthews, Jermaine Mabry, Stephan Own, Benjamin Rubin, and John Wright (Individual Defendants) answer Plaintiffs' First Amended Complaint [13] (the Complaint) as follows.

## DEFENSES

Defendants assert and preserve the defenses listed below based on information currently available, reserving the right to withdraw these defenses or assert additional defenses as information becomes available.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Complaint fails to allege facts to establish municipal liability under 42 U.S.C. § 1983.

## THIRD DEFENSE

Defendants, including the District, its agents and employees acting within the course and scope of their employment acted at all times consistently with all applicable laws, rules, regulations, constitutional provisions, and standards of care.

## FOURTH DEFENSE

Defendants, including the District, its agents, servants, and employees, acting within the course and scope of their employment, have performed their obligations, if any, toward Plaintiffs in accordance with all applicable regulatory, statutory, constitutional, and common law requirements.

## FIFTH DEFENSE

Attorney's fees and costs are not recoverable against Defendants in this case.

## SIXTH DEFENSE

Some or all of Plaintiffs' claims are or may be barred by D.C. Code § 12-309 or for failure to exhaust administrative remedies.

## SEVENTH DEFENSE

Defendants, including the District, its agents, servants, and employees, acting within the course and scope of their employment, have acted in good faith and with the reasonable belief that their actions were lawful under the circumstances.

## EIGHTH DEFENSE

The doctrines of estoppel, unclean hands, and illegality may equitably bar Plaintiffs from seeking the relief sought in the Complaint.

## NINTH DEFENSE

The Complaint should be dismissed, in whole or in part, because the equitable and declaratory relief requested by Plaintiffs exceeds the scope of their claims. In the alternative, Plaintiffs are not entitled to any relief from this Court because of their own actions or inactions.

## TENTH DEFENSE

Defendants deny all allegations of wrongdoing including, but not limited to, any alleged violations of statutory and common law, and further deny that Plaintiffs are entitled to any relief.

## ELEVENTH DEFENSE

Plaintiffs have not suffered any monetary or financial loss for which they can assert a claim for compensatory or other damages. Alternatively, Plaintiffs failed to mitigate their alleged damages.

## TWELFTH DEFENSE

If Plaintiffs were injured or damaged as alleged in the Complaint, such injuries or damages foreseeably resulted from Plaintiffs' own intentional, illegal, or otherwise wrongful conduct, Plaintiff M. Lewis's own physical or mental condition, Plaintiffs' sole or contributory negligence or assumption of the risk, or the conduct of a person or entity other than Defendants.

## THIRTEENTH DEFENSE

At all times relevant to the Complaint, the Individual Defendants acted reasonably in accordance with clearly established statutory or constitutional rights of which a reasonable person would have known; therefore, the Individual Defendants are entitled to qualified immunity from suit as to Plaintiffs' claims under 42 U.S.C. § 1983.

\* \* \*

## ANSWER TO PLAINTIFFS' COMPLAINT

Defendants respond to the individually-numbered paragraphs of Plaintiffs' Complaint below.  To the extent any allegation in the Complaint is not specifically admitted, Defendants deny it.  Further, references by Defendants to materials cited in the Complaint are not to be construed as admissions that the materials are correctly cited, quoted, or characterized by Plaintiffs; or that the materials are admissible or relevant to this action.  Except where expressly stated otherwise below, Defendants deny Plaintiffs' characterizations of the referenced materials and preserve all objections as to relevance and admissibility.

## FIRST AMENDED COMPLAINT FOR DAMAGES[*]

### NATURE OF THE ACTION

1.      Defendants admit that Plaintiff Malaika Lewis (Plaintiff M. Lewis) is a Black mother.  Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

2.      Defendants admit that Plaintiff M. Lewis made a 911 call in June 2020. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

3.      Defendants deny the allegations in this paragraph.

4.      This paragraph contains factual characterizations and conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

5.      This paragraph presupposes a legal conclusion that Defendants reject.  This paragraph also contains factual characterizations and legal conclusions.  To the extent a response

---

[*]      The headings and subheadings included below correspond to the headings in the Complaint and are provided to assist the Court in reviewing the Answer.  All allegations in the headings—express or implied—are denied.

is required, Defendants admit officers responded to a call at Plaintiff M. Lewis's building, and that no warrant was acquired during the June 2020 incident. Defendants lack sufficient information to admit or deny whether N.L. had been sleeping and was awoken by the officers. Defendants deny all remaining allegations in this paragraph.

6.      This paragraph contains factual characterizations and conclusions.  Defendants lack sufficient information to admit or deny the allegations in this paragraph.

7.      This paragraph consists of factual characterizations and legal conclusions.  To the extent a response is required, Defendants admit that the officers did not find Plaintiff M. Lewis's older daughter, K.R., in the apartment.  Defendants deny all other allegations and characterizations in this paragraph.

8.      Defendants state that the D.C. Office of Police Complaints (OPC) report is the best evidence of the independent examiner's findings and deny all other characterizations. Defendants also state that D.C. court opinions and lawsuits are the best evidence of their findings and deny all other characterizations.

9.      This paragraph contains factual characterizations and legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

10.     This paragraph contains factual characterizations.  To the extent a response is required, Defendants admit that multiple officers arrived at Plaintiff M. Lewis's apartment building in January 2022 and requested that she let them see her in person to make sure she was not a danger to herself or others.  Defendants also admit that Plaintiff M. Lewis refused. Defendants lack sufficient information to admit or deny the remaining allegations and characterizations in this paragraph.

11.     This paragraph contains factual characterizations and conclusions.  To the extent a

response is required, Defendants admit that officers placed a baton between Plaintiff M. Lewis's door and the doorframe.  Defendants also admit that at some point during the January 2022 incident an officer stated that Plaintiff M. Lewis "can make this easy or hard."  Defendants deny all other allegations and characterizations in this paragraph.

12.     This paragraph contains factual characterizations and conclusions.  To the extent a response is required, Defendants admit that officers led N.L. to the lobby and watched her there while other officers continued to engage with Plaintiff M. Lewis.  Defendants also admit that officers told Plaintiff M. Lewis that they might have to take N.L. if Plaintiff M. Lewis did not cooperate.  Defendants deny the remaining allegations and characterizations in this paragraph.

13.     This paragraph contains factual characterizations.  To the extent a response is required, Defendants admit that officers pushed open Plaintiff M. Lewis's door and placed handcuffs on her in the hallway.  Defendants also admit that an officer unzipped Plaintiff M. Lewis's sweatshirt while conducting a search and that Plaintiff M. Lewis was not wearing anything under the sweatshirt.  Defendants deny all other allegations and characterizations in this paragraph.

14.     This paragraph contains factual characterizations.  To the extent a response is required, Defendants admit that N.L. had no coat or shoes while in the lobby.  Defendants deny the remaining allegations and characterizations in this paragraph.

15.     This paragraph contains factual characterizations and legal conclusions.  To the extent a response is required, Defendants admit that Plaintiff M. Lewis was involuntarily committed to a psychiatric facility.  Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

16.     Defendants lack sufficient information to admit or deny the allegations in this

paragraph.

17.     This paragraph presupposes a legal conclusion that Defendants reject. This paragraph also contains factual characterizations and legal conclusions.  To the extent that a response is required, Defendants deny the allegations in this paragraph.

18.     This is a characterization of Plaintiffs' claims and the relief sought in this action; no response is required.  Any factual allegations are denied.

## PARTIES

19.     Defendants lack sufficient information to admit or deny the allegations in this paragraph.

20.     Defendants lack sufficient information to admit or deny the allegations in this paragraph.

21.     Defendants admit that Defendants Arhin, Boyd, Brooks, Charles, Cipolari, Finck, Hambrick, Hector, Kennedy, Koenig, Lockerman, Matthews, Mabry, Owens, Rubin, and Wright are officers of the Metropolitan Police Department, or were officers at the time of the respective incidents alleged.  The second sentence of this paragraph consists of legal conclusions.  To the extent that a response is required Defendants deny the allegations in the second sentence of paragraph 21.  The last sentence consists of a characterization of Plaintiffs' claims against the individually named Defendant officers; no response is required.

22.     Defendants admit that the District of Columbia is a municipal corporation, and that MPD is an executive agency that is *non sui juris*.  The remaining allegations contain factual characterizations and legal conclusions.  To the extent that a response is required, Defendants deny the remaining allegations in this paragraph.

## JURISDICTION AND VENUE

23.     This paragraph consists of legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

24.     This paragraph consists of legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

25.     This paragraph consists of legal conclusions.  To the extent a response is required, Defendants admit that the actions alleged in this complaint relating to the Defendants' personal interactions with Plaintiffs occurred in the District of Columbia.

26.     This paragraph consists of legal conclusions.  To the extent a response is required, Defendants admit that the individually named defendants were employed by the District of Columbia during June 2020 and January 2022, and that the Defendants' alleged interactions with Plaintiffs occurred in the District of Columbia.  Defendants deny any remaining allegations in this paragraph

## STATEMENT OF FACTS

27.     Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

28.     This paragraph contains factual characterizations and conclusions.  To the extent that a response is required, Defendants lack sufficient information to admit or deny the allegations in this paragraph.

29.     Defendants state that the cited data table is the best evidence of its contents and deny all other characterizations in this paragraph.

30.     Defendants admit that Plaintiff M. Lewis is Black.  Defendants admit that most residents of Ward 3 are not Black.  Defendants lack sufficient information to admit or deny all

other allegations and characterizations in this paragraph.

31.     Defendants admit that Plaintiff M. Lewis is a mother.  Defendants lack sufficient information to admit or deny all other allegations or characterizations in this paragraph.

32.     Defendants lack sufficient information to admit or deny the allegations in this paragraph. Defendants state that the website cited in footnote 4 of Plaintiffs' Complaint is the best evidence of its contents and deny all other characterizations.

<strong>The June 2020 Incident</strong>

**A.  Plaintiff M. Lewis Attempts to Report that Her Older Daughter, Who Is at Risk of a Mental Health Crisis, Is Missing.**

33.     Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

34.     Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

35.     Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

36.     Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

37.     Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

38.     Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.  Defendants state that the web article cited in footnote 5 of Plaintiffs' Complaint is the best evidence of its contents and deny all other characterizations.

39.     Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

40.     Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

41.     Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

42.     Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

43.     Defendants admit that Plaintiff M. Lewis called 911 at around 10:00 P.M. Defendants lack sufficient information to admit or deny the remaining factual allegations in this paragraph.

44.     Defendants admit that Plaintiff M. Lewis informed the dispatcher that K.R. was missing; that K.R. was suspected to be in Riverdale, Maryland; that K.R. had a mental condition; and that Plaintiff M. Lewis was waiting outside the building.  Defendants lack sufficient information to admit or deny the remaining factual allegations in this paragraph.

45.     Defendants admit that Plaintiff M. Lewis waited outside the building.  Defendants deny the remaining allegations in this paragraph.

**B.  MPD Officers Refuse to Follow Several Credible Leads to Find K.R. and Instead Use Plaintiff M. Lewis's 911 Call as an Excuse to Search Her Apartment.**

46.     Defendants admit the allegations in this paragraph.

47.     Defendants admit that Officer Kennedy spoke with Plaintiff M. Lewis for about fifteen minutes.  Defendants deny any remaining allegations or characterizations in this paragraph.

48.     Defendants admit that Plaintiff M. Lewis told Defendant Kennedy that K.R. had mental health issues and was not on medication at that time, that K.R. had not been at home for two days, and that she believed K.R. was in Riverdale, Maryland, based on K.R.'s device's

location information.  Defendants deny all other factual allegations or characterizations in this paragraph.

49.     Defendants admit that Plaintiff M. Lewis told Defendant Kennedy that she had exchanged communications with K.R.'s friend.  Defendants lack sufficient information to confirm or deny the remaining allegations in this paragraph.

50.     This paragraph contains factual characterizations and conclusions.  To the extent a response is required, Defendants admit that Plaintiff M. Lewis replied to all of Defendant Kennedy's questions.  Defendants deny all other factual allegations or characterizations in this paragraph.

51.     Defendants admit that Defendant Koenig arrived at the scene at approximately 10:30 P.M. and approached Plaintiff M. Lewis and Defendant Kennedy, and that Defendant Kennedy told Defendant Koenig some of what was relayed to him by Plaintiff M. Lewis.  Defendants deny all other factual allegations or characterizations in this paragraph.

52.     Defendants admit that, after briefly speaking directly with Defendant Kennedy, Defendant Koenig asked Plaintiff M. Lewis questions, and that Plaintiff M. Lewis replied to Defendant Koenig's questions.  Defendants deny that Defendant Koenig asked the same questions that Defendant Kennedy asked, and all other factual allegations or characterizations in this paragraph.

53.     Defendants admit that Plaintiff M. Lewis, from a distance of several feet, turned her cell phone screen towards Defendant Koenig for approximately two seconds, while Defendant Koenig was asking her a question.  Defendants deny all other factual allegations or characterizations in this paragraph.

54.     This paragraph contains factual characterizations and conclusions.  To the extent a

response is required, Defendants deny the factual allegations and characterizations in this paragraph.

55.     Defendants state that the General Order cited in paragraph 55 of Plaintiffs' Complaint is the best evidence of its contents and deny all other characterizations.

56.     Defendants admit that Plaintiff M. Lewis told Defendant Kennedy that K.R. was 16 years old.  Defendants deny all remaining allegations in this paragraph.

57.     Defendants admit that Plaintiff M. Lewis informed Defendant Koenig that she would not authorize a search of her apartment.  Defendants deny all remaining allegations and characterizations in this paragraph.

58.     This paragraph contains factual characterizations and conclusions.  To the extent a response is required, Defendants admit that approximately 30 minutes had passed between when Plaintiff M. Lewis called 911 and when Plaintiff M. Lewis told Defendant Koenig that she would not authorize a search of her apartment.  Defendants deny all other factual allegations or characterizations in this paragraph.

59.     Defendants admit that Defendant Kennedy searched records for K.R. and Plaintiff M. Lewis; Defendants deny that the search came up blank.  Further, Defendants admit that, in Defendant Kennedy's vehicle, Defendant Kennedy and Defendant Koenig discussed their interaction with Plaintiff M. Lewis.  Defendant Koenig stated that he felt there was something wrong regarding Plaintiff M. Lewis and asked why Plaintiff M. Lewis would not let them into her apartment.  Defendants deny all other factual allegations and characterizations in this paragraph.

60.     Defendants admit that Defendant Koenig and Defendant Kennedy alerted authorities in Maryland to search for K.R. in the location indicated to them by Plaintiff M.

Lewis. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

61. Defendants admit that Defendant Hambrick arrived at the scene at approximately 10:45 P.M. and approached Plaintiff M. Lewis at approximately 10:50 P.M. Defendants deny all other allegations or characterizations in this paragraph.

62. Defendants admit that Defendant Hambrick had previously been present for incidents involving K.R. and Plaintiff M. Lewis, including an incident in which K.R. was transported to a psychiatric facility. Defendants deny all remaining allegations and characterizations in this paragraph.

63. Defendants admit that at the time Defendant Hambrick approached Plaintiff M. Lewis, it was approximately 35 minutes since Plaintiff M. Lewis had begun speaking with the first officer to arrive, Defendant Kennedy. Defendants deny all remaining allegations in this paragraph.

64. This paragraph contains factual characterizations and conclusions. To the extent a response is required, Defendants admit that Plaintiff M. Lewis said to Defendant Hambrick that she had been able to track K.R.'s phone to Riverdale and that she received a call informing her that K.R. had been seen with alcohol. Defendants deny all other factual allegations or characterizations in this paragraph.

65. Defendants admit that Plaintiff M. Lewis stated to Defendant Hambrick that she had not called police for a previous missing person incident involving K.R, and Defendants admit that Plaintiff M. Lewis met the officers on June 24, 2020 at the street corner outside her building. Defendants deny all remaining allegations and characterizations in this paragraph.

66. Defendants admit that Plaintiff M. Lewis showed Defendant Hambrick a picture

from a social media account tagging K.R., gave Defendant Hambrick the social media handle for that account, and told Defendant Hambrick the phone number for the aunt she had referenced. Defendants deny all remaining allegations and characterizations in this paragraph.

67.     Defendants admit that Defendant Hambrick attempted to call the aunt, but his call did not connect.  The aunt then called Defendant Hambrick and provided further information relating to the person K.R. was with.  Defendants deny all remaining allegations and characterizations in this paragraph.

68.     This paragraph contains factual characterizations and conclusions. To the extent a response is required, Defendants admit that at the time Defendant Hambrick walked away from Plaintiff M. Lewis, it was approximately 55 minutes since she had begun speaking with Defendant Kennedy.  Defendants deny all other factual allegations and characterizations in this paragraph.

69.     Defendants admit that Defendant Hambrick represented to Defendant Koenig that he had previously been involved in calls for service related to Plaintiff M. Lewis and K.R. Defendants deny all other factual allegations and characterizations in this paragraph.

70.     This paragraph contains factual characterizations and conclusions. To the extent a response is required, Defendants admit that Defendant Koenig stated that the officers would not "classify it" until they could look in the apartment.  Defendants deny all other factual allegations or characterizations in this paragraph.

71.     This paragraph contains factual characterizations.  To the extent a response is required, Defendants deny the factual allegations and characterizations in this paragraph.

72.     Defendants admit that Defendant Hambrick stated to Plaintiff M. Lewis that the officers had to search the apartment in order to make a missing person's report.  Defendants deny

all other factual allegations or characterizations in this paragraph.

73. Defendants admit that Plaintiff M. Lewis did not give Defendant Hambrick consent to search her home. Defendants deny all remaining allegations and characterizations in this paragraph.

74. Defendants admit that Defendant Hambrick stated to Defendant Koenig and Defendant Kennedy that he did not think K.R. was in the apartment; Defendants deny that this statement occurred after Defendant Hambrick had returned to Plaintiff M. Lewis to ask for her consent for a search of her home. Defendants deny all other factual allegations or characterizations in this paragraph.

75. Defendants admit that Defendant Koenig stated to Defendant Hambrick that he also did not think K.R. was in the apartment. Defendants deny all other factual allegations or characterizations in this paragraph.

76. Defendants admit that they discussed among themselves having a female officer search Plaintiff M. Lewis's apartment, and proposed to Plaintiff M. Lewis having a plain-clothed detective search the apartment. Defendants deny all other factual allegations or characterizations in this paragraph.

77. Defendants admit that Plaintiff M. Lewis declined to make a missing person's request on the understanding that a police search of her apartment was required. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

78. This paragraph contains factual characterizations. To the extent a response is required, Defendants admit that it was approximately 11:40 P.M. when Plaintiff M. Lewis stated she no longer wished to make a missing person's report. Defendants deny all other factual allegations or characterizations in this paragraph.

79.     This paragraph contains factual characterizations.  To the extent a response is required, Defendants admit that Defendant Wright arrived at approximately 11:40 P.M. Defendants deny all other allegations or characterizations in this paragraph.

80.     Defendants deny the allegations in this paragraph.

81.     This paragraph contains factual characterizations.  To the extent a response is required, Defendants admit that Plaintiff M. Lewis told Defendant Wright she had already spoken with the other officers.  Defendants deny all other factual allegations or characterizations in this paragraph.

82.     This paragraph contains factual characterizations and conclusions.  To the extent a response is required, Defendants admit that Defendant Wright asked Plaintiff M. Lewis who was watching her younger daughter inside the apartment. Defendants deny all other factual allegations or characterizations in this paragraph.

83.     Defendants admit that Plaintiff M. Lewis told Defendant Wright a friend was watching N.L.  Defendants lack sufficient information to admit or deny whether Plaintiff M. Lewis knew why the question of who was watching N.L was relevant, and whether she gave that answer in an attempt to end the interaction.  Defendants deny the remaining allegations in this paragraph.

84.     Defendants admit that Defendant Wright asked Plaintiff M. Lewis if the friend was male or female.  Defendants deny the remaining allegations in this paragraph.

85.     Defendants admit that Plaintiff M. Lewis stated she was not going to answer Defendant Wright's question of whether the friend watching N.L was male or female, and did not want to file a missing person's report if conditioned on a search of her home.  Defendants deny the remaining allegations in this paragraph.

86.     Defendants deny the allegations in this paragraph.

87.     Defendants deny the allegations in this paragraph.

88.     Defendants admit that Plaintiff M. Lewis in speaking with Officer Wright refused consent to search her apartment.  Defendants deny all other allegations or characterizations in this paragraph.

89.     Defendants admit that, at approximately 11:45 P.M., Plaintiff M. Lewis told the officers she was going inside to get water and use the bathroom.  Defendants deny the remaining allegations in this paragraph.

90.     Defendants admit that officers at the scene told Defendant Wright that they had already run a COBALT search.  Defendants deny the remaining allegations or characterizations in this paragraph.

91.     Defendants deny the allegations in this paragraph.

92.     This paragraph contains factual characterizations.  To the extent a response is required, Defendants admit that Defendant Hambrick stated that Plaintiff M. Lewis had asked police to use a different door to the apartment building during a different incident.  Defendants deny all remaining allegations in this paragraph, including when and to whom this statement was made.

93.     Defendants deny that Defendant Hambrick told Defendant Wright that Plaintiff M. Lewis had never lied to him.  Defendants admit that Defendant Hambrick stated that Plaintiff M. Lewis had not previously lied to him to Defendants Kennedy and Charles. Defendants deny all other allegations or characterizations in this paragraph.

94.     This paragraph contains factual characterizations and conclusions.  To the extent a response is required, Defendants admit that Defendant Wright returned to his vehicle and conducted

a records search relating to Plaintiff M. Lewis. Defendants deny all other allegations or characterizations in this paragraph.

95. This paragraph contains factual characterizations and conclusions. To the extent a response is required, Defendants admit that Defendants Brooks and Hector arrived at approximately 11:50 P.M. Defendants deny all other factual allegations or characterizations in this paragraph

## C. The Officers Lure Plaintiff M. Lewis Back Outside and Prevent Her from Re-Entering Her Own Apartment While They Illegally Search It and Detain N.L. Alone Inside.

96. Defendants admit that Defendant Wright stated to Defendant Brooks, Defendant Koenig, and Defendant Hambrick that he wanted to try to knock on Plaintiff M. Lewis's door. Defendants deny all other allegations and characterizations in this paragraph.

97. This paragraph contains factual characterizations and legal conclusions. To the extent a response is required, Defendants admit that Defendant Koenig said "Um... dude..." after Defendant Wright said he wanted to try to knock on Plaintiff M. Lewis's door. Defendants deny all other factual allegations or characterizations in this paragraph.

98. This paragraph contains factual characterizations and conclusions. To the extent a response is required, Defendants admit that Defendants Wright and Charles entered Plaintiff M. Lewis's apartment building, that Defendant Koenig and Defendants Hambrick and Kennedy remained outside, and that Defendant Wright called Defendant Koenig once inside the building. Defendants deny all other factual allegations or characterizations in this paragraph.

99. This paragraph contains factual characterizations and legal conclusions. To the extent a response is required, Defendants admit that Defendant Wright asked Defendant Koenig if the watch commander had informed the officers that there was a public safety exception. Defendants deny all other factual allegations or characterizations in this paragraph.

100. This paragraph contains factual characterizations and conclusions. To the extent a

response is required, Defendants deny the factual allegations or characterizations in this paragraph

101.    This paragraph contains factual characterizations and conclusions.  To the extent a response is required, Defendants admit that Defendants Wright and Charles observed a man leave the building, and asked the security guard if the man was affiliated with Plaintiff M. Lewis. Defendants lack sufficient information to confirm or deny the guard's response and deny all other factual allegations or characterizations in this paragraph.

102.    This paragraph contains factual characterizations and conclusions.  To the extent a response is required, Defendants admit that Defendants Wright and Charles walked to Plaintiff M. Lewis's door, and that Defendant Koenig and Defendants Kennedy and Hambrick were outside the building.  Defendants deny all other factual allegations or characterizations in this paragraph.

103.    This paragraph contains factual characterizations.  To the extent a response is required, Defendants admit that Defendant Wright knocked on Plaintiff M. Lewis's door while Defendant Charles stood next to him.  Defendants deny all other factual allegations or characterizations in this paragraph.

104.    Defendants admit that N.L. stated "Mommy, someone's at the door" after Defendant Wright knocked on the door.  Defendants lack sufficient information to confirm or deny the remaining allegations in this paragraph.

105.    Defendants admit the allegations in this paragraph.

106.    This paragraph contains factual characterizations.  To the extent a response is required, Defendants admit that Defendant Wright pushed on Plaintiff M. Lewis's door, which partially opened.  Defendants lack sufficient information to admit or deny what N.L. saw, and

Defendants deny all other factual allegations or characterizations in this paragraph.

107. This paragraph contains factual characterizations and legal conclusions. To the extent that a response is required, Defendants deny all the allegations and characterizations in this paragraph.

108. Defendants admit that Defendant Wright asked N.L. if she was by herself, and N.L. responded that she was not. Defendants lack sufficient information to admit or deny what N.L. thought.

109. Defendants admit that Defendant Wright asked N.L. who she was with, and that N.L. responded that she was by herself. Defendants deny that N.L. was naked, and lack sufficient information to admit or deny the remaining allegations in this paragraph.

110. Defendants admit that Defendant Charles asked N.L. if she was ok, and N.L. responded that she was fine. Defendants deny all other allegations or characterizations in this paragraph.

111. Defendants admit that Defendant Charles asked N.L. if she needed an ambulance to check her, and N.L. responded that she did not. Defendants deny all other allegations and characterizations in this paragraph.

112. Defendants admit that Defendant Wright asked N.L. if she had seen her sister recently, and N.L. responded that it was probably two days ago. Defendants deny any remaining allegations and characterizations in this paragraph.

113. Defendants admit that the detectives were outside of Plaintiff M. Lewis's building when Plaintiff M. Lewis exited her building. Defendants deny any remaining allegations and characterizations in this paragraph.

114. Defendants lack sufficient information to admit or deny the allegations in this

paragraph.

115.    Defendants admit that Plaintiff M. Lewis refused to answer questions directly outside of her building, and walked to the Southeast corner of Connecticut Avenue and Kanawah Street, NW.  Defendants deny any remaining allegations and characterizations in this paragraph.

116.    Defendants deny the allegations in this paragraph.

117.    Defendants admit that at approximately 11:55 P.M., Plaintiff M. Lewis began walking back inside her apartment building, and that Defendant Brooks and Defendant Koenig also entered the building at approximately the same time as Plaintiff M. Lewis. Defendants deny any other allegations and characterizations in this paragraph.

118.    Defendants admit the allegations in this paragraph.

119.    Defendants admit that, at the time Plaintiff M. Lewis walked down the hallway leading to her apartment, Defendant Wright was standing at the door to her apartment, and the door was open.  Defendants deny the remaining allegations and characterizations in this paragraph.

120.    Defendants admit that Plaintiff M. Lewis stated to Defendant Wright that she did not consent to a search a few seconds after she reached her apartment door and stood next to Defendant Wright.  Defendants deny all other allegations and characterizations in this paragraph.

121.    Defendants admit that Defendant Wright asked Plaintiff M. Lewis who was in the apartment besides N.L., and Plaintiff M. Lewis said no one was.  Defendants deny that Plaintiff M. Lewis "repeated" to Defendant Wright that no one besides N.L. was in the apartment, and deny any remaining allegations and characterizations in this paragraph.

122.    This paragraph contains factual characterizations and legal conclusions.  To the extent that a response is required, Defendants admit that Defendant Charles and Defendant

Brooks accompanied Plaintiff M. Lewis a short distance down the hallway away from her apartment, that Defendant Brooks and Defendant Charles spoke with Plaintiff M. Lewis there, while Defendant Wright continued standing at Plaintiff M. Lewis's apartment door. Defendants deny all other allegations and characterizations in this paragraph.

123.    Defendants admit that Defendant Koenig approached Defendant Wright, and in the course of a conversation asked if the door was open.  Defendants deny any remaining allegations and characterizations in this paragraph.

124.    This paragraph contains factual characterizations and legal conclusions.  To the extent a response is required, Defendants deny the allegations and characterizations in this paragraph.

125.    Defendants deny the allegations and characterizations in this paragraph.

126.    Defendants admit that Defendant Wright told Defendant Koenig that the door was cracked.  Defendants deny the remaining allegations and characterizations in this paragraph.

127.    This paragraph contains factual characterizations. To the extent a response is required, Defendants admit that, later in the night, Defendant Charles stated that the door was open.  To the extent this paragraph implies that this statement was made to Defendant Koenig and in immediate sequence with Defendant Koenig's conversation with Defendant Wright, that allegation is denied, and Defendants deny all remaining allegations and characterizations in this paragraph.

128.    This paragraph contains Plaintiffs' factual characterizations and legal conclusions. To the extent that a response is required, Defendants admit that Defendant Koenig was the superior officer on the scene at this time of the night.  Defendants deny all other allegations and characterizations in this paragraph.

**D. Even After Determining that This Is Not a Police Matter, the Officers Continue to Search Plaintiff M. Lewis's Apartment and to Detain Plaintiff M. Lewis and N.L. Until Nearly 1:00 A.M.**

129.    Defendants admit that, approximately 15 minutes after Defendant Wright had arrived at Plaintiff M. Lewis's apartment door, Defendant Brooks informed Defendant Wright that she had heard that the Child & Family Services Agency (CFSA) was going to take it over from that point.  Defendants deny any remaining allegations and characterizations in this paragraph.

130.    This paragraph contains factual characterizations.  To the extent a response is required, Defendants deny the allegations in this paragraph.

131.    Defendants deny the allegations in this paragraph.

132.    This paragraph contains factual characterizations.  To the extent a response is required, Defendants admit that Defendant Hector made the quoted statement to Defendant Wright.  Defendants deny the remaining allegations or characterizations in this paragraph.

133.    This paragraph contains factual characterizations and legal conclusions.  To the extent a response is required, Defendants deny the allegations or characterizations in this paragraph.

134.    This paragraph contains factual characterizations.  To the extent a response is required, Defendants deny the allegations or characterizations in this paragraph.

135.    This paragraph contains factual characterizations.  To the extent a response is required, Defendants admit that Defendant Hambrick and Defendant Hector spoke to Plaintiff M. Lewis in the hallway, and that during the conversation Defendant Hector stated "because it's children."  Defendants deny the remaining allegations or characterizations in this paragraph.

136.    This paragraph contains factual characterizations and conclusions.  To the extent a

response is required, Defendants lack sufficient information to admit or deny the first sentence of this paragraph and allegations regarding K.R.'s motivations. Defendants admit that Plaintiff M. Lewis showed Defendant Hector what she represented to him was a FaceTime call with K.R., and Defendant Hector informed Plaintiff M. Lewis she could not return to the apartment until the watch commander arrived. Defendants deny the remaining allegations or characterizations in this paragraph.

137. This paragraph contains factual characterizations. To the extent a response is required, Defendants admit that Defendant Wright was continuing to stand at Plaintiff M. Lewis's door when Defendant Koenig returned at approximately 12:23 A.M. Defendants deny the remaining allegations or characterizations in this paragraph.

138. Defendants deny the allegations in this paragraph.

139. This paragraph contains factual characterizations and legal conclusions. To the extent a response is required, Defendants deny the allegations or characterizations in this paragraph.

140. Defendants admit that Defendant Lockerman arrived at Plaintiff M. Lewis's apartment building at approximately 12:30 A.M. Defendants deny any remaining allegations or characterizations in this paragraph.

141. This paragraph contains factual characterizations and legal conclusions. To the extent a response is required, Defendants admit that Defendant Hector stated to Defendant Lockerman that Plaintiff M. Lewis was on a video call with K.R., that K.R. was not present, and that they would not get a search warrant. Defendants deny the remaining allegations or characterizations in this paragraph.

142. Defendants admit the allegations in the first sentence of this paragraph.

Defendants admit that Plaintiff M. Lewis video-called K.R. and showed the screen to Defendant Lockerman, and that Defendant Lockerman was later shown a picture of K.R. by Defendant Hambrick from a missing person's report. Defendants deny any remaining allegations and characterizations in this paragraph.

143.    This paragraph contains factual characterizations. To the extent a response is required, Defendants admit that Defendant Lockerman, after viewing the picture of K.R. showed to her by Defendant Hambrick, stated that it was definitely K.R. on the video call. Defendants deny the remaining allegations or characterizations in this paragraph

144.    This paragraph contains factual characterizations. To the extent a response is required, Defendants admit that Defendant Lockerman walked to Defendant Wright after she was shown the video-call with K.R. and before she was shown the picture of K.R. from the missing person's report. Defendants admit that Defendant Lockerman did not, in the course of this conversation with Defendant Wright, instruct Defendant Wright to stand back or allow Plaintiff M. Lewis back inside her apartment. Defendants deny the remaining allegations or characterizations in this paragraph.

145.    Defendants admit that Defendant Lockerman walked back to Plaintiff M. Lewis and began to speak with her again. Defendants deny the remaining allegations in this paragraph.

146.    This paragraph contains factual characterizations. To the extent a response is required, Defendants admit that Defendant Lockerman informed Plaintiff M. Lewis that Defendant Wright was not going in the apartment, and did not separately at this time instruct Defendant Wright to step away or close the door. Defendants deny the remaining allegations or characterizations in this paragraph

147.    This paragraph contains factual characterizations. To the extent a response is

required, Defendants admit that Defendant Lockerman walked with Plaintiff M. Lewis outside the apartment building, and once outside, spoke with her regarding the officers' investigation. Defendants deny the remaining allegations or characterizations in this paragraph.

148. Defendants admit that Plaintiff M. Lewis stated to Defendant Lockerman that she had not wanted police to go into her apartment. Defendants deny any remaining allegations and characterizations in this paragraph.

149. Defendants admit the allegations in this paragraph, except to the extent that this paragraph alleges that Plaintiff M. Lewis stated "[w]e have a child who's..." rather than "you have a child that's... ," which is denied.

150. Defendants admit that Defendant Lockerman told Plaintiff M. Lewis that MPD would do the missing person's report and that she was satisfied that she had seen K.R. on the video call, and that the officers would be guided by CFSA. To the extent this paragraph alleges or implies that Defendant Lockerman made these statements after and in response to Plaintiff M. Lewis's statement that she was traumatized and humiliated, that allegation is denied. Defendants deny any other allegations and characterizations in this paragraph.

151. This paragraph is premised on a factual allegation that Defendants deny. Defendants deny the allegations and characterizations in this paragraph.

152. Defendants admit that Defendant Lockerman and Defendant Kennedy spoke with a CFSA employee on the phone, and during that conversation Defendant Charles and Plaintiff M. Lewis remained outside the apartment building, and that Defendant Charles asked Plaintiff M. Lewis to wait to return to the apartment while Defendant Lockerman finished speaking with CFSA. Defendants deny any remaining allegations and characterizations in this paragraph.

153. This paragraph contains factual characterizations and legal conclusions. To the

extent a response is required, Defendants admit that, at approximately 12:52 A.M., a CFSA employee told Defendant Lockerman that their supervisor did not have immediate concerns at that time based on available information. Defendants deny the remaining allegations and characterizations in this paragraph.

154. This paragraph contains factual characterizations and legal conclusions. To the extent a response is required, Defendants admit that, while Plaintiff M. Lewis was outside the building, Defendant Hambrick made the quoted statement to Plaintiff M. Lewis. Defendants deny the remaining allegations and characterizations in this paragraph.

155. This paragraph contains factual characterizations and legal conclusions. To the extent a response is required, Defendants admit that, at approximately 12:55 A.M., Defendant Kennedy gave Plaintiff M. Lewis a missing person's report number, and that after that the officers left. Defendants deny the remaining allegations and characterizations in this paragraph.

**The January 2022 Incident**

156. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

157. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

158. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

159. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

160. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

161.     Defendants admit the allegation in this paragraph.

162.     Defendants lack sufficient information to admit or deny the allegations in this paragraph.

163.     Defendants lack sufficient information to admit or deny the allegations in this paragraph.

164.     Defendants lack sufficient information to admit or deny the allegations in this paragraph.

165.     Defendants lack sufficient information to admit or deny the allegations in this paragraph.

166.     Defendants admit that Mr. Beirne called 911 at approximately 4:40 P.M. and requested a welfare check for Plaintiff M. Lewis because, he stated, she had threatened to commit suicide.  Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

### A.  MPD Officers Show Up at Plaintiff M. Lewis's Door and Become Angry When She Does Not Submit to Their Demands.

167.     Defendants admit that Defendants Matthews, Owens, Boyd, and Mabry arrived at Plaintiff M. Lewis's apartment door and that Defendant Matthews knocked on the door at 4:52 P.M.  Defendants deny any other allegations or characterizations in this paragraph.

168.     Defendants deny that Plaintiff M. Lewis was abused by police.  Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

169.     This paragraph contains factual characterizations.  To the extent a response is required, Defendants admit that the officers spoke to Plaintiff M. Lewis through her door and informed Plaintiff M. Lewis that they were there to do a wellness check based on a concern that Plaintiff M. Lewis was suicidal.  Defendants deny the remaining factual allegations and

characterizations in this paragraph.

170.     Defendants lack sufficient information to admit or deny the allegations in this paragraph.

171.     Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

172.     This paragraph contains factual characterizations.  To the extent a response is required, Defendants admit that the officers spoke to Plaintiff M. Lewis through the door and informed her that they needed her to open the door so that they could see her and verify that she was okay.  Defendants deny all other factual allegations or characterizations in this paragraph.

173.     Defendants admit that Plaintiff M. Lewis stated that she was fine and did not want to open the door.  Defendants deny all other factual allegations or characterizations in this paragraph.

174.     This paragraph contains factual characterizations.  To the extent a response is required, Defendants admit that the officers told her to open the door so that they could see her and verify she was okay.  Defendants deny all other factual allegations and characterizations in this paragraph.

175.     This paragraph contains factual characterizations.  To the extent that a response is required, Defendants admit that an officer said "You can make this easy or hard."  Defendants deny all other factual allegations or characterizations in this paragraph.

176.     Defendants admit that Plaintiff M. Lewis did not open the door and that Plaintiff M. Lewis asked the officers to face time her or see her through her window.  Defendants deny all other factual allegations in this paragraph.

177.     This paragraph contains factual characterizations.  To the extent a response is

required, Defendants admit that the officers did not video call Plaintiff M. Lewis or look through her window. Defendants further admit that an officer stated that the officers might have to break down Plaintiff M. Lewis's door if she did not open it and allow them to confirm that she was not a threat to herself or others. Defendants deny all other factual allegations and characterizations in this paragraph.

178.     Defendants admit the factual allegation in this paragraph.

179.     Defendants deny the allegations in this paragraph.

180.     Defendants admit that Plaintiff M. Lewis cracked open her apartment door and placed her phone to the door while on speakerphone so that MPD could hear the person on the phone. Defendants lack sufficient information to admit or deny any other factual allegations in this paragraph.

181.     This paragraph contains factual characterizations. To the extent a response is required, Defendants admit that Defendant Owens placed his baton between the door and the frame to prevent it from being closed. Defendants deny all other factual allegations and characterizations in this paragraph.

182.     Defendants admit that the baton was held between the door and the doorframe for the next two hours. Defendants lack sufficient information to admit or deny the remaining factual allegations in this paragraph, including the incorporated photograph.

183.     Defendants deny the factual allegations and characterizations in this paragraph.

**B.  MPD Officers Trick Plaintiff M. Lewis into Letting N.L. out of the Apartment, Detaining Plaintiff M. Lewis and N.L. Separately for Several Hours.**

184.     This paragraph contains factual characterizations and conclusions. To the extent a response is required, Defendants admit that the officers asked to see N.L. Defendants deny all other factual allegations and characterizations in this paragraph.

185.     This paragraph contains factual characterizations.  To the extent that a response is required, Defendants admit that Plaintiff M. Lewis told N.L. to come to the door.  Defendants lack sufficient information to admit or deny all other factual allegations and characterizations in this paragraph.

186.     Defendants deny the allegation in this paragraph.

187.     This paragraph contains Plaintiffs' factual characterizations.  To the extent that a response is required, Defendants admit that the officers asked to be able to inspect N.L. in the hallway.  Defendants deny all other factual allegations and characterizations in this paragraph.

188.     This paragraph contains factual characterizations and conclusions.  To the extent a response is required, Defendants admit that Plaintiff M. Lewis allowed N.L. to exit the apartment into the hallway.  Defendants lack sufficient information to admit or deny all other factual allegations or characterizations in this paragraph.

189.     Defendants lack sufficient information to admit or deny the factual allegations in this paragraph.

190.     Defendants admit that Defendants Boyd, Owens, and Mabry spoke to N.L. in the hallway, asked N.L. questions, and verified that N.L. was okay.  Defendants also admit that officers did not allow N.L. to return to the apartment with Plaintiff M. Lewis until they could confirm that Plaintiff M. Lewis was not a threat to herself or others.  Defendants deny all other factual allegations and characterizations in this paragraph.

191.     Defendants admit that Defendants Cipolari, Rubin, and Finck arrived at the apartment building.  Defendants deny all other factual allegations or characterizations in this paragraph.

192.     This paragraph contains factual characterizations.  To the extent a response is

required, Defendants admit that Defendant Cipolari spoke to Plaintiff M. Lewis through her door. Defendants deny Plaintiffs' characterization of what Defendant Cipolari said to Plaintiff M. Lewis, and all other allegations or characterizations in this paragraph.

193. This paragraph contains factual characterizations. To the extent a response is required, Defendants admit that officers informed Plaintiff M. Lewis that they needed to see her. Defendants deny all other factual allegations and characterizations in this paragraph.

194. Defendants deny the factual allegations and characterizations in this paragraph.

195. This paragraph contains factual characterizations and conclusions. To the extent a response is required, Defendants admit that Plaintiff M. Lewis was on the phone with someone from "CPS" who stated that Plaintiff M. Lewis wanted Mr. Lewis to pick up N.L., and that no threats of self-harm were made directly to her. Defendants deny all other factual allegations and characterizations in this paragraph.

196. This paragraph contains factual characterizations and conclusions. To the extent a response is required, Defendants admit that the CFSA employee provided the officers her direct phone number. Defendants deny all other factual allegations and characterizations in this paragraph.

197. This paragraph contains factual characterizations and conclusions. To the extent a response is required, Defendants admit that Plaintiff M. Lewis asked the officers to contact Mr. Lewis to pick up N.L. Defendants deny all other factual allegations and characterizations in this paragraph.

198. This paragraph contains factual characterizations and conclusions. Defendants admit that Plaintiff M. Lewis again asked the officers to video call her, and officers did not video call her. Defendants deny all other factual allegations and characterizations in this paragraph.

199.    This paragraph contains factual characterizations and conclusions.  Defendants admit that Plaintiff M. Lewis asked Defendant Owens to remove his baton from the door so she could close it, and Defendant Owens did not remove his baton.  Defendants deny all other factual allegations and characterizations in this paragraph.

200.    Defendants deny the allegations in this paragraph.

201.    This paragraph contains factual characterizations.  To the extent a response is required, Defendants admit that Plaintiff M. Lewis stated that she had trauma from past experiences with police, that she did not want to interact with the officers, and that she was not thinking of harming herself or others.  Defendants deny all other factual allegations and characterizations in this paragraph.

202.    This paragraph contains factual characterizations.  To the extent that a response is required, Defendants admit that Defendant Cipolari directed Defendant Boyd to take N.L. from the hallway, and that Defendant Boyd took N.L. to the building lobby, while Plaintiff M. Lewis remained in the apartment.  Defendants deny that the officers kept N.L. from having a coat or shoes.  Defendants deny all other factual allegations or characterizations in this paragraph.

203.    This paragraph contains factual characterizations and legal conclusions.  To the extent a response is required, Defendants admit that over the next two hours, officers took turns supervising N.L., at times asked her questions, and kept her in the lobby or basement area of the apartment building, while Plaintiff M. Lewis was in the apartment.  Defendants deny all other factual allegations or characterizations in this paragraph.

204.    Defendants admit the allegations in this paragraph.

205.    Defendants admit the allegations in this paragraph.

206.    Defendants lack sufficient information to admit or deny the allegation in this

paragraph.

207.     Defendants admit that Plaintiff M. Lewis asked the officers not to talk about her in the hallways, and stated that she did not want her neighbors to know her business. Defendants lack sufficient information to admit or deny what Plaintiff M. Lewis heard, and deny any remaining allegations or characterizations in this paragraph.

208.     This paragraph contains factual characterizations. To the extent a response is required, Defendants admit that they continued to speak to one another in the hallway about the incident. Defendants deny all other factual allegations or characterizations in this paragraph.

209.     Defendants deny the allegation in this paragraph.

**C.  The Officers Take No Steps to Ensure Plaintiff M. Lewis's Well-Being, but Rather, Prevent Her from Accessing Medical Attention.**

210.     Defendants admit that two members of the District of Columbia Fire and Emergency Services Department arrived at the apartment building. Defendants deny all other factual allegations in this paragraph.

211.     Defendants admit the allegations in this paragraph.

212.     This paragraph contains factual characterizations. To the extent a response is required, Defendants admit that Defendant Cipolari did not allow paramedics to enter Plaintiff M. Turner's apartment without at least one police officer. Defendants deny the remaining allegations in this paragraph.

213.     Defendants admit that Plaintiff M. Lewis did not allow the paramedics and an officer to enter her apartment. Defendants lack sufficient information to admit or deny Plaintiff M. Lewis's allegations related to her motivation for that decision, and deny any other allegations or characterizations in this paragraph.

214.     Defendants admit the allegations in this paragraph.

215.    Defendants admit that an officer told Plaintiff M. Lewis that N.L. was going to go with CFSA because Plaintiff M. Lewis was not cooperating.  Defendants deny any remaining allegations and characterizations in this paragraph.

216.    Defendants admit that Plaintiff M. Lewis asked the officers not to discuss her business in the hallway where others could hear.  Defendants deny all other factual allegations and characterizations in this paragraph.

217.    Defendants admit that Plaintiff M. Lewis made the quoted statement to officers.  Defendants deny any remaining allegations or characterizations in this paragraph.

218.    This paragraph contains factual characterizations.  To the extent a response is required, Defendants admit that officers informed Plaintiff M. Lewis that another officer was on his way to talk to Plaintiff M. Lewis.  Defendants deny all other factual allegations and characterizations in this paragraph.

219.    This paragraph contains factual characterizations.  To the extent a response is required, Defendants admit that Plaintiff asked the officers to call Mr. Lewis to pick up N.L.  Defendants also admit that officers asked Plaintiff M. Lewis if she would step outside into the hallway if the officers called Mr. Lewis to pick up N.L., and Plaintiff M. Lewis responded she would.  Defendants deny all other factual allegations and characterizations in this paragraph.

220.    Defendants lack sufficient information to admit or deny the allegation in this paragraph.

221.    Defendants deny the allegations in this paragraph.

222.    Defendants lack sufficient information to admit or deny the allegations in this paragraph.

223.    This paragraph contains factual characterizations.  To the extent a response is

required, Defendants admit that Plaintiff M. Lewis could not close the door because Defendant Owens's baton was in between the door and the doorframe. Defendants lack sufficient information to admit or deny the factual allegations or characterizations in this paragraph of Plaintiff M. Lewis's mental impressions, and deny any remaining allegations or characterizations in this paragraph.

224. Defendants admit that Defendant Arhin arrived at the apartment building and that, at that point, four officers stood in the hallway near Plaintiff M. Lewis's door. Defendants deny all other factual allegations and characterizations in this paragraph.

225. This paragraph contains factual characterizations. To the extent a response is required, Defendants admit that Defendant Arhin spoke to Plaintiff M. Lewis through the door and that Plaintiff M. Lewis said she was okay and the incident was a misunderstanding. Defendants deny all other factual allegations and characterizations in this paragraph.

226. This paragraph contains factual characterizations. To the extent a response is required, Defendants admit that multiple officers, including Defendant Boyd, were in the building lobby during the January 2022 incident, and that they were supervising N.L. Defendants also admit that officers asked N.L. questions. Defendants deny all other factual allegations and characterizations in this paragraph.

227. This paragraph contains factual characterizations and legal conclusions. To the extent a response is required, Defendants admit that at around 6 P.M., Defendants Matthews and Mabry called Mr. Lewis and asked if he could pick up N.L. Defendants also admit that Mr. Lewis said he would be there in 20 minutes. Defendants deny all other factual allegations and characterizations in this paragraph.

228. This paragraph contains factual characterizations. To the extent a response is

required, Defendants lack sufficient information to admit or deny the allegations in this paragraph.

229.    This paragraph contains factual characterizations.  To the extent a response is required, Defendants admit that they did not release N.L. into the care of any of Plaintiff M. Lewis's neighbors.  Defendants deny the remaining factual allegations and characterizations in this paragraph.

230.    Defendants admit that Defendant Arhin, with other officers nearby, continued to speak with Plaintiff M. Lewis through her door, asking her to come out of the apartment or allow the police in.  Defendants deny the remaining factual allegations and characterizations in this paragraph.

231.    This paragraph contains factual characterizations.  To the extent a response is required, Defendants deny the factual allegations and characterizations in this paragraph.

232.    Defendants admit the allegation in this paragraph.

233.    Defendants admit that Plaintiff M. Lewis asked Defendant Arhin to stop asking her questions, and asked Defendant Owens to take his baton out of the doorjamb.  Defendant Arhin did not stop speaking with Plaintiff M. Lewis at that time and Defendant Owens did not remove his baton.  Defendants deny the remaining factual allegations and characterizations in this paragraph.

**D.  MPD Officers Storm into Plaintiff M. Lewis's Apartment, Drag Her Past N.L. in Handcuffs, and Involuntarily Commit Her Because She Would Not Submit to Their Demands.**

234.    Defendants admit that a representative from Department of Behavioral Health (DBH) arrived at Plaintiff M. Lewis's apartment door at approximately 7 P.M.  Defendants deny the remaining factual allegations and characterizations in this paragraph.

235.     Defendants admit the allegations in this paragraph.

236.     This paragraph contains factual characterizations.  To the extent a response is required, Defendants admit that during a conversation between Plaintiff M. Lewis and the DBH representative, Plaintiff M. Lewis offered to be seen by facetime.  Defendants deny the remaining factual allegations and characterizations in this paragraph.

237.     This paragraph contains factual characterizations.  To the extent a response is required, Defendants admit that among other statements, the DBH representative told Plaintiff M. Lewis that if she did not let the DBH representative in to make sure Plaintiff M. Lewis was safe, that they would have to go in and get her out of the apartment.  Defendants deny all other allegations and characterizations in this paragraph.

238.     Defendants deny the allegations in this paragraph.

239.     Defendants admit that, among many other statements that evening, Defendant Cipolari stated to another officer "This is what I would have done to begin with," and the officer responded, "But now we've checked the box."  Defendants deny any characterizations of these statements, and any remaining allegations or characterizations in this paragraph.

240.     This paragraph contains factual characterizations.  To the extent a response is required, Defendants admit that Defendant Cipolari made the quoted statement.  Defendants deny all factual allegations and characterizations in this paragraph.

241.     Defendants admit the allegations in this paragraph.

242.     This paragraph consists of factual characterizations, Plaintiff M. Lewis's alleged mental impressions, and legal conclusions.  To the extent a response is required, Defendants deny the allegations and characterizations in this paragraph.

243.     Defendants admit that the DBH representative made the quoted statement in this

paragraph, but deny any characterizations of the statement.

244.     This paragraph contains factual characterizations.  To the extent a response is required, Defendants admit that Plaintiff M. Lewis said the DBH representative could come into her apartment and that the officers could not come into her apartment.  Defendants lack sufficient information to admit or deny the first sentence of this paragraph and whether Plaintiff M. Lewis was feeling threatened, and deny any other allegations or characterizations in this paragraph.

245.     Defendants admit the allegations in this paragraph.

246.     This paragraph contains factual characterizations and legal conclusions.  To the extent a response is required, Defendants admit that officers entered Plaintiff M. Lewis's apartment and removed her from her apartment.  Defendants deny the remaining factual allegations and characterizations in this paragraph.

247.     Defendants admit that officers handcuffed Plaintiff M. Lewis.  Defendants deny the remaining allegations in this paragraph.

248.     Defendants admit that Defendants Cipolari and Owens entered Plaintiff M. Lewis's apartment and could see the living room.  Defendants deny the remaining factual allegations and characterizations in this paragraph.

249.     This paragraph contains factual characterizations.  To the extent a response is required, Defendants admit that Defendant Boyd, the only female officer on the scene, was asked to conduct the search of Plaintiff M. Lewis.  Defendants lack sufficient information to admit or deny the remaining factual allegations and characterizations in this paragraph.

250.     This paragraph contains factual characterizations.  To the extent a response is required, Defendants admit that Defendant Boyd unzipped Plaintiff M. Lewis's sweatshirt. Defendants deny the remaining factual allegations and characterizations of this paragraph.

251.     This paragraph contains factual characterizations.  To the extent a response is required, Defendants deny the factual allegations and characterizations in this paragraph.

252.     Defendants admit that Plaintiff M. Lewis proposed that N.L. take the keys to her apartment.  Defendants deny the remaining factual allegations and characterizations of this paragraph.

253.     Defendants admit that Plaintiff M. Lewis stated that the building manager could let N.L. into the apartment while Plaintiff M. Lewis was gone.  Defendants deny the remaining factual allegations and characterizations of this paragraph.

254.     This paragraph contains factual characterizations.  To the extent a response is required, Defendants admit that the officers left the door to the apartment open until CFSA arrived.  Defendants deny the remaining factual allegations and characterizations in this paragraph.

255.     This paragraph contains factual characterizations.  To the extent a response is required, Defendants admit Plaintiff M. Lewis asked to be taken out the back because she did not want anyone to see her being taken out in handcuffs.  Defendants further admit that officers took her out the front of the apartment.  Defendants deny the remaining factual allegations and characterizations in this paragraph.

256.     Defendants admit that after the DBH representative entered the apartment and retrieved shoes and a jacket for N.L., officers did not close the door to the apartment. Defendants deny the remaining factual allegations and characterizations in this paragraph.

257.     Defendants deny the factual allegations and characterizations in this paragraph.

258.     This paragraph contains factual characterizations.  To the extent a response is required, Defendants admit that Defendant Arhin made the quoted statement after Plaintiff M.

Lewis was placed in the back of the police vehicle. Defendants deny all other factual allegations and characterizations in this paragraph.

259. Defendants admit that at approximately 7:27 P.M., Plaintiff M. Lewis was transported to a psychiatric facility and involuntarily committed. Defendants lack sufficient information to admit or deny the remaining factual allegations in this paragraph.

260. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

## Office of Police Complaints Findings

261. Defendants admit that Plaintiff M. Lewis filed a complaint with the District's Office of Police Complaints (OPC). Defendants state that the complaint is the best evidence of its contents and deny all other characterizations.

262. Defendants admit the allegations in this paragraph.

263. This paragraph contains legal conclusions. To the extent a response is required, Defendants state that D.C. Code § 5-1109 is the best evidence of its contents and deny all other characterizations. Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph.

264. Defendants lack sufficient information to admit or deny the allegations in this paragraph.

265. Defendants admit the allegations in this paragraph.

266. Defendants admit that the independent complaint examiner issued a report in November 2021. Defendants state that the report is the best evidence of its contents and deny all other characterizations.

267. Defendants state that the report is the best evidence of its contents and findings

and deny all other characterizations.

268.     Defendants state that the report is the best evidence of its contents and findings and deny all other characterizations.

269.     Defendants lack sufficient information to admit or deny the allegations in this paragraph.

270.     Defendants admit that Defendant Wright has previously been a defendant in a lawsuit.  Defendants state that the complaints *Lane v. District of Columbia*, No. 14-cv-01316 (D.D.C.) and *A.B. v. District of Columbia*, No. 15-cv-01490 (D.D.C.) are the best evidence of their contents and deny all other characterizations.  Defendants also state that the District of Columbia Court of Appeals' opinions in *Mayo v. United States*, 266 A.3d 244, 258 n.16 (D.C. 2022) and *Golden v. United States*, 248 A.3d 925, 947 (D.C. 2021) are the best evidence of their contents and deny all other characterizations.  Defendants also state that the complaint in *Crudup v. District of Columbia*, No. 20-cv-01135 (D.D.C.) is the best evidence of its contents and deny all other characterizations.

271.     Defendants state that the cited article is the best evidence of its contents and deny all other characterizations.

### Plaintiff M. Lewis's and N.L.'s Ongoing Injuries

272.     This paragraph contains legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

273.     This paragraph presupposes a legal conclusion that Defendants reject. To the extent a response is required, Defendants lack sufficient information to admit or deny the allegations in this paragraph.

274.     Defendants lack sufficient information to admit or deny the allegations in this

paragraph.

275.     Defendants lack sufficient information to admit or deny the allegations in this paragraph, including any representation made about the photograph accompanying paragraph 275.

276.     Defendants lack sufficient information to admit or deny the allegations in this paragraph.

277.     Defendants lack sufficient information to admit or deny the allegations in this paragraph.

278.     Defendants lack sufficient information to admit or deny the allegations in this paragraph.

279.     Defendants lack sufficient information to admit or deny the allegations in the first and third sentences in this paragraph.  Defendants deny the allegations and characterizations in the second sentence of this paragraph.

280.     Defendants lack sufficient information to admit or deny the allegations in this paragraph.

281.     Defendants lack sufficient information to admit or deny the allegations in this paragraph.  Defendants also lack sufficient information to admit or deny any representation made about the photograph accompanying paragraph 281, and state that the photograph is the best evidence of its contents and deny any other characterizations.

**Compliance with D.C. Code § 12-309**

282.     This paragraph contains legal conclusions.  To the extent that a response is required, Defendants lack sufficient information to admit or deny the allegations in this paragraph.

283.    This paragraph contains legal conclusions.  To the extent that a response is required, Defendants admit that Plaintiff M. Lewis filed a complaint with the Office of Police Complaints (OPC) on July 10, 2020, about the June 2020 incident, that OPC investigated the complaint, and that the OPC posted its final report publicly on its website.  Defendants state that the OPC final report is the best evidence of its contents and deny all other characterizations. Defendants deny that OPC sustained "some" of the allegations.  Defendants state that the website cited in footnote 9 of Plaintiffs' Complaint is the best evidence of its contents and deny all other characterizations.  Defendants deny any remaining allegations or characterizations in this paragraph.

284.    This paragraph contains legal conclusions.  To the extent that a response is required, Defendants admit that Plaintiffs mailed notice of claim letters to the District's Office of Risk Management.  Defendants state that those notices are the best evidence of their contents and deny all other characterizations.   Defendants deny any remaining allegations or characterizations in this paragraph.

285.    Defendants admit the allegations in this paragraph.

286.    This paragraph contains legal conclusions.  To the extent that a response is required, Defendants deny the allegations in this paragraph.

## CLAIMS FOR RELIEF

287.    This paragraph adopts by reference the contents of other paragraphs and requires no specific response from Defendants.  The Defendants restate their responses to the preceding and subsequent paragraphs as if fully incorporated here.

**COUNT I**
**Fourth Amendment: Unreasonable Search (June 2020)**
*All Plaintiffs against Defendants Wright, Charles, Hambrick, Kennedy, Koenig, and Lockerman[2]*

288.     This paragraph characterization Plaintiffs' claims and contains legal conclusions; no response is required.  To the extent a response is required, the District denies the allegations in this paragraph.

289.     Defendants admit that Defendant Wright opened Plaintiffs' apartment door, stood at the doorway for approximately one hour, and looked into the apartment.  Defendants deny that Officer Charles opened Plaintiffs' apartment door.  The third sentence of this paragraph contains factual characterizations and legal conclusions.  To the extent that a response is required, Defendants admit that Defendant Wright invoked a public safety exception.  Defendants deny all other allegations, characterizations, and conclusions in this paragraph.

290.     Defendants deny the allegations in the first sentence of this paragraph. Defendants admit that, at different times during the June 2020 incident, Defendants Hambrick and Koenig stated that they did not believe that K.R. was inside the apartment.  Defendants deny all remaining allegations in this sentence and all characterizations of these statements. The third sentence of this paragraph contains factual characterizations and legal conclusions.  To the extent that a response is required, Defendants deny the allegations in this sentence, and deny all remaining allegations in this paragraph.

291.     This paragraph contains factual characterizations and legal conclusions.  To the extent that a response is required, Defendants admit that Defendant Koenig stated during the

---

[2]     Defendant Lockerman need not answer paragraphs in support of Count 1 because they are pled in support of a claim against her that was dismissed by the Court.  See Mar. 2, 2025 Mem. and Order [26].  To the extent her response is required, the allegations are denied.

June 2020 incident that that K.R. was likely not in the apartment.  Defendants deny all characterizations of these statements.  Defendants deny all other allegations in this paragraph.

292.    This paragraph contains characterizations and legal conclusions.  To the extent a response is required, Defendants deny the allegations.

## COUNT II
### Fourth Amendment: False Arrest/Unlawful Seizure (June 2020)
### *Plaintiff Malaika Lewis against June 2020 Defendant Officers*

293.    Defendants need not answer this paragraph because it is pled in support of a claim that was dismissed by the Court.  See Mar. 2, 2025 Mem. and Order [26].  To the extent a response is required, the allegations are denied.

294.    Defendants need not answer this paragraph because it is pled in support of a claim that was dismissed by the Court.  See Mar. 2, 2025 Mem. and Order [26].  To the extent a response is required, the allegations are denied.

295.    Defendants need not answer this paragraph because it is pled in support of a claim that was dismissed by the Court.  See Mar. 2, 2025 Mem. and Order [26].  To the extent a response is required, the allegations are denied.

296.    Defendants need not answer this paragraph because it is pled in support of a claim that was dismissed by the Court.  See Mar. 2, 2025 Mem. and Order [26].  To the extent a response is required, the allegations are denied.

297.    Defendants need not answer this paragraph because it is pled in support of a claim that was dismissed by the Court.  See Mar. 2, 2025 Mem. and Order [26].  To the extent a response is required, the allegations are denied.

## COUNT III
### Fourth Amendment: False Arrest/Unlawful Seizure (June 2020)
### *Plaintiff N.L. against Defendants Wright, Charles, Koenig, and Lockerman[3]*

298.     This paragraph contains legal conclusions.  To the extent that a response is required, Defendants deny the factual allegations in this paragraph.

299.     This paragraph characterizes Plaintiffs' claims and contains legal conclusions. To the extent a response is required, Defendants deny the factual allegations in this paragraph.

300.     Defendants admit that, during the June 2020 incident, Defendant Wright pushed the apartment door open; that Defendants Wright and Charles asked N.L. questions; and that Defendant Charles stood in the hallway.  Defendants deny all other characterizations and allegations in the first and second sentences in this paragraph.  The last sentence of this paragraph contains legal conclusions.  To the extent that a response is required, Defendants deny the allegations in that sentence.

301.     The first sentence of this paragraph contains legal conclusions.  To the extent that a response is required, Defendants admit that Defendant Koenig stated he did not believe that K.R. was inside the apartment.  Defendants further admit that Defendant Lockerman determined that K.R. was not inside the apartment.  Defendants deny all other factual allegations and characterizations in this sentence.  The second sentence of this paragraph contains factual characterizations and conclusions.  To the extent that a response is required, Defendants deny the allegations in that sentence.

## COUNT IV
### Fifth Amendment: Substantive Due Process (June 2020)
### *All Plaintiffs against June 2020 Defendant Officers*

---

[3]     Defendant Lockerman need not answer this paragraph because it is pled in support of a claim against her that was dismissed by the Court.  See Mar. 2, 2025 Mem. and Order [26].  To the extent her response is required, the allegations are denied.

302.    Defendants need not answer this paragraph because it is pled in support of a claim that was dismissed by the Court.  See Mar. 2, 2025 Mem. and Order [26].  To the extent a response is required, the allegations are denied.

303.    Defendants need not answer this paragraph because it is pled in support of a claim that was dismissed by the Court.  See Mar. 2, 2025 Mem. and Order [26].  To the extent a response is required, the allegations are denied.

304.    Defendants need not answer this paragraph because it is pled in support of a claim that was dismissed by the Court.  See Mar. 2, 2025 Mem. and Order [26].  To the extent a response is required, the allegations are denied.

**COUNT V**
**First Amendment: Retaliation (June 2020)**
*Plaintiff Malaika Lewis against June 2020 Defendant Officers*

305.    Defendants need not answer this paragraph because it is pled in support of a claim that was dismissed by the Court.  See Mar. 2, 2025 Mem. and Order [26].  To the extent a response is required, the allegations are denied.

306.    Defendants need not answer this paragraph because it is pled in support of a claim that was dismissed by the Court.  See Mar. 2, 2025 Mem. and Order [26].  To the extent a response is required, the allegations are denied.

307.    Defendants need not answer this paragraph because it is pled in support of a claim that was dismissed by the Court.  See Mar. 2, 2025 Mem. and Order [26].  To the extent a response is required, the allegations are denied.

308.    Defendants need not answer this paragraph because it is pled in support of a claim that was dismissed by the Court.  See Mar. 2, 2025 Mem. and Order [26].  To the extent a response is required, the allegations are denied.

309.    Defendants need not answer this paragraph because it is pled in support of a claim that was dismissed by the Court.  See Mar. 2, 2025 Mem. and Order [26].  To the extent a response is required, the allegations are denied.

## COUNT VI
### Intrusion upon Seclusion (June 2020)
*All Plaintiffs against Defendants District of Columbia,*
*Wright, Charles, Hambrick, Kennedy, Koenig, and Lockerman[4]*

310.    This paragraph characterizes Plaintiffs' claim and contains legal conclusions.  To the extent that a response is required, Defendants deny the allegations in the first sentence.  Defendants admit that Plaintiffs did not consent to MPD officers entering their home.  Defendants deny all other factual allegations in this paragraph.

311.    The allegations in this paragraph characterize Plaintiffs' claim and contain legal conclusions.  To the extent a response is required, the District denies the allegations.

## COUNT VII
### Trespass (June 2020)
*All Plaintiffs against Defendants District of Columbia,*
*Wright, Charles, Hambrick, Kennedy, Koenig, and Lockerman[5]*

312.    This paragraph characterizes Plaintiffs' claim and contains legal conclusions.  To the extent that a response is required, Defendants admit that Plaintiff M. Lewis did not consent to officers entering her home.  Defendants deny all other allegations in this paragraph.

313.    This paragraph characterizes Plaintiffs' claim and contains legal conclusions. To

---

[4]    Defendants Hambrick, Kennedy, Koenig, and Lockerman need not answer this paragraph because it is pled in support of a claim against them that was dismissed by the Court.  See Mar. 2, 2025 Mem. and Order [26].  To the extent a response from these Defendants is required, the allegations are denied.

[5]    Defendants Hambrick, Kennedy, Koenig, and Lockerman need not answer this paragraph because it is pled in support of a claim against them that was dismissed by the Court.  See Mar. 2, 2025 Mem. and Order [26].  To the extent a response from these Defendants is required, the allegations are denied.

the extent a response is required, Defendants deny the allegations in this paragraph.

314.    This paragraph characterizes Plaintiffs' claim and contains legal conclusions. To the extent a response is required, Defendants deny the allegations in this paragraph.

## COUNT VIII
### Intentional Infliction of Emotional Distress (June 2020)
*All Plaintiffs against Defendant District of Columbia and June 2020 Defendant Officers*

315.    Defendants need not answer this paragraph because it is pled in support of a claim that was dismissed by the Court.  See Mar. 2, 2025 Mem. and Order [26].  To the extent a response is required, the allegations are denied.

316.    Defendants need not answer this paragraph because it is pled in support of a claim that was dismissed by the Court.  See Mar. 2, 2025 Mem. and Order [26].  To the extent a response is required, the allegations are denied.

317.    Defendants need not answer this paragraph because it is pled in support of a claim that was dismissed by the Court.  See Mar. 2, 2025 Mem. and Order [26].  To the extent a response is required, the allegations are denied.

## COUNT IX
### Negligent Infliction of Emotional Distress (June 2020)
*All Plaintiffs against Defendant District of Columbia and June 2020 Defendant Officers*

318.    Defendants need not answer this paragraph because it is pled in support of a claim that was dismissed by the Court.  See Mar. 2, 2025 Mem. and Order [26].  To the extent a response is required, the allegations are denied.

319.    Defendants need not answer this paragraph because it is pled in support of a claim that was dismissed by the Court.  See Mar. 2, 2025 Mem. and Order [26].  To the extent a response is required, the allegations are denied.

320.    Defendants need not answer this paragraph because it is pled in support of a claim

that was dismissed by the Court.  See Mar. 2, 2025 Mem. and Order [26].  To the extent a response is required, the allegations are denied.

## COUNT X
### Negligence (June 2020)
### *Plaintiff Malaika Lewis against*
### *Defendant District of Columbia and June 2020 Defendant Officers[6]*

321.    This paragraph contains legal conclusions.  To the extent that a response is required, Defendants deny the allegations in this paragraph.

322.    This paragraph characterizes Plaintiff's claim and contains legal conclusions.  To the extent that a response is required, Defendants deny the allegations in this paragraph.

323.    This paragraph characterizes Plaintiff's claim and contains legal conclusions.  To the extent that a response is required, Defendants deny the allegations in this paragraph.

## COUNT XI
### Negligence (June 2020)
### *Plaintiff N.L against Defendants District of Columbia, Wright, Charles, Koenig, and Lockerman*

324.    Defendants need not answer this paragraph because it is pled in support of a claim that was dismissed by the Court.  See Mar. 2, 2025 Mem. and Order [26].  To the extent a response is required, the allegations are denied.

325.    Defendants need not answer this paragraph because it is pled in support of a claim that was dismissed by the Court.  See Mar. 2, 2025 Mem. and Order [26].  To the extent a response is required, the allegations are denied.

326.    Defendants need not answer this paragraph because it is pled in support of a claim

---

[6]    Defendant Lockerman need not answer this paragraph because it is pled in support of a claim against her that was dismissed by the Court.  See Mar. 2, 2025 Mem. and Order [26].  To the extent her response is required, the allegations are denied.

that was dismissed by the Court.  See Mar. 2, 2025 Mem. and Order [26].  To the extent a response is required, the allegations are denied.

## COUNT XII
### Fourth Amendment: False Arrest/Unlawful Seizure (January 2022)
***Plaintiff Malaika Lewis against Defendants Owens, Boyd, Rubin, Cipolari, Maubry, Arhin, and at least two other January 2022 Defendant Officers***

327.    This paragraph contains legal conclusions.  To the extent that a response is required, Defendants deny the allegations in this paragraph.

328.    The first sentence of this paragraph contains legal conclusions.  To the extent that a response is required, Defendants deny the allegations in this sentence.  Defendants admit that Defendant Ownes placed his baton in Plaintiff M. Lewis's doorjamb and Defendant Rubin instructed Defendant Owens not to remove it; Defendants Owens, Boyd, Mabry, and Arhin spoke to Plaintiff M. Lewis through the door.  Defendants deny all other allegations and characterizations in this paragraph.

329.    This paragraph characterizes Plaintiff's claim and contains legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

## COUNT XIII
### Fourth Amendment: False Arrest/Unlawful Seizure (January 2022)
***Plaintiff N.L. against Defendants Boyd, Owens, Cipolari, Maubry, and Finck***

330.    This paragraph contains legal conclusions.  To the extent that a response is required, Defendants deny the factual allegations in this paragraph.

331.    This paragraph characterizes Plaintiff's claim and contains legal conclusions.   To the extent that a response is required, Defendants deny the allegations in this paragraph.

## COUNT XIV
### Fourth Amendment: Unreasonable Search (January 2022)
***All Plaintiffs against Defendants Owens and Cipolari***

332.    This paragraph contains legal conclusions.  To the extent that a response is

required, Defendants deny the factual allegations in this paragraph.

333. This paragraph characterizes Plaintiffs' claim and contains legal conclusions. To the extent a response is required, Defendants deny the allegations in this paragraph.

## COUNT XV
### Fourth Amendment: Excessive Force (January 2022)
*Plaintiff Malaika Lewis against Defendants Cipolari, Boyd, Arhin and at least two other January 2022 Defendant Officers*

334. This paragraph contains legal conclusions. To the extent that a response is required, Defendants deny the factual allegations in this paragraph.

335. This paragraph contains factual characterizations and legal conclusions. To the extent that a response is required, Defendants deny the allegations against Defendant Cipolari in this paragraph. As for the remaining factual allegations in this paragraph, Defendants need not answer because they are pled in support of a claim that was dismissed by the Court. See Mar. 2, 2025 Mem. and Order [26]. To the extent a response is required, the allegations are denied.

## COUNT XVI
### Fifth Amendment: Substantive Due Process (January 2022)
*All Plaintiffs against Defendants Owens, Boyd, Rubin, Cipolari, Maubry, Finck, Arhin, and at least two other January 2022 Defendant Officers*

336. Defendants need not answer this paragraph because it is pled in support of a claim that was dismissed by the Court. See Mar. 2, 2025 Mem. and Order [26]. To the extent a response is required, the allegations are denied.

337. Defendants need not answer this paragraph because it is pled in support of a claim that was dismissed by the Court. See Mar. 2, 2025 Mem. and Order [26]. To the extent a response is required, the allegations are denied.

## COUNT XVII
### First Amendment: Retaliation (January 2022)
***Plaintiff Malaika Lewis against Defendants Owens, Boyd, Rubin, Cipolari, Maubry, Arhin, and at least two other January 2022 Defendant Officers***

338.    Defendants need not answer this paragraph because it is pled in support of a claim that was dismissed by the Court.  See Mar. 2, 2025 Mem. and Order [26].  To the extent a response is required, the allegations are denied.

339.    Defendants need not answer this paragraph because it is pled in support of a claim that was dismissed by the Court.  See Mar. 2, 2025 Mem. and Order [26].  To the extent a response is required, the allegations are denied.

340.    Defendants need not answer this paragraph because it is pled in support of a claim that was dismissed by the Court.  See Mar. 2, 2025 Mem. and Order [26].  To the extent a response is required, the allegations are denied.

341.    Defendants need not answer this paragraph because it is pled in support of a claim that was dismissed by the Court.  See Mar. 2, 2025 Mem. and Order [26].  To the extent a response is required, the allegations are denied.

## COUNT XVIII
### False Arrest (January 2022)
***Plaintiff Malaika Lewis against Defendants District of Columbia, Owens, Boyd, Rubin, Cipolari, Maubry, Arhin, and at least two other January 2022 Defendant Officers***

342.    This paragraph contains legal conclusions.  To the extent that a response is required, Defendants deny the allegations in this paragraph.

343.    Defendants admit that Defendant Owens held a baton between Plaintiff M. Lewis's door and doorframe to prevent it from being closed, and Defendant Rubin instructed Defendant Owens not to remove the baton; that Defendants Owens, Boyd, and Mabry spoke to Plaintiff M. Lewis through the door; and that Defendant Arhin also asked Plaintiff M. Lewis

questions through the door. Defendants deny all other factual allegations and characterizations in this paragraph.

344. This paragraph contains Plaintiffs' factual characterizations. To the extent that a response is required, Defendants admit that Defendants Boyd, Arhin, Cipolari, and Mabry placed handcuffs on Plaintiff M. Lewis, removed her from her apartment building, and placed her in a police car for transport to a psychiatric facility. Defendants deny all other factual allegations and characterizations in this paragraph.

345. This paragraph contains legal conclusions. To the extent a response is required, the District denies the allegations.

## COUNT XIX
### False Arrest (January 2022)
*Plaintiff N.L. against Defendants District of Columbia,*
*Boyd, Owens, Cipolari, and Finck*

346. This paragraph contains legal conclusions. To the extent a response is required, Defendants deny the allegations in this paragraph.

347. This paragraph characterizes Plaintiffs' claim and contains legal conclusions. To the extent a response is required, Defendants deny the allegations in this paragraph.

348. This paragraph contains legal conclusions. To the extent a response is required, the District denies the allegations.

## COUNT XX
### Intrusion upon Seclusion (January 2022)
*All Plaintiffs against Defendants District of Columbia, Owens, and Cipolari*

349. This paragraph contains legal conclusions. To the extent a response is required, Defendants deny the allegations in this paragraph.

350. This paragraph characterizes Plaintiffs' claim and contains legal conclusions. To the extent a response is required, Defendants deny the allegations in this paragraph.

351.    This paragraph contains legal conclusions.  To the extent a response is required, the District denies the allegations in this paragraph.

## COUNT XXI
**Trespass (January 2022)**
***All Plaintiffs against Defendants District of Columbia, Owens, and Cipolari***

352.    This paragraph contains legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

353.    This paragraph characterizes Plaintiffs' claim and contains legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

354.    This paragraph contains legal conclusions.  To the extent a response is required, the District denies the allegations.

## COUNT XXII
**Intentional Infliction of Emotional Distress (January 2022)**
***All Plaintiffs against Defendants District of Columbia, Owens, Boyd, Rubin, Cipolari, Maubry, Finck, Arhin, and at least two other January 2022 Defendant Officers***

355.    Defendants need not answer this paragraph because it is pled in support of a claim that was dismissed by the Court.  See Mar. 2, 2025 Mem. and Order [26].  To the extent a response is required, the allegations are denied.

356.    Defendants need not answer this paragraph because it is pled in support of a claim that was dismissed by the Court.  See Mar. 2, 2025 Mem. and Order [26].  To the extent a response is required, the allegations are denied.

357.    Defendants need not answer this paragraph because it is pled in support of a claim that was dismissed by the Court.  See Mar. 2, 2025 Mem. and Order [26].  To the extent a response is required, the allegations are denied.

358.    Defendants need not answer this paragraph because it is pled in support of a claim that was dismissed by the Court.  See Mar. 2, 2025 Mem. and Order [26].  To the extent a

response is required, the allegations are denied.

## COUNT XXIII
### Negligent Infliction of Emotional Distress (January 2022)
*All Plaintiffs against Defendants District of Columbia, Owens, Boyd, Rubin, Cipolari, Maubry, Finck, Arhin, and at least two other January 2022 Defendant Officers*

359.     Defendants need not answer this paragraph because it is pled in support of a claim that was dismissed by the Court.  See Mar. 2, 2025 Mem. and Order [26].  To the extent a response is required, the allegations are denied.

360.     Defendants need not answer this paragraph because it is pled in support of a claim that was dismissed by the Court.  See Mar. 2, 2025 Mem. and Order [26].  To the extent a response is required, the allegations are denied.

361.     Defendants need not answer this paragraph because it is pled in support of a claim that was dismissed by the Court.  See Mar. 2, 2025 Mem. and Order [26].  To the extent a response is required, the allegations are denied.

362.     Defendants need not answer this paragraph because it is pled in support of a claim that was dismissed by the Court.  See Mar. 2, 2025 Mem. and Order [26].  To the extent a response is required, the allegations are denied.

## COUNT XXIV
### Assault and Battery (January 2022)
*Plaintiff Malaika Lewis against Defendants District of Columbia, Cipolari, Boyd, Arhin and at least two other January 2022 Defendant Officers*

363.     This paragraph characterizes Plaintiff's claim and contains legal conclusions.  To the extent a response is required, Defendants deny the allegations in this paragraph.

364.     This paragraph contains legal conclusions.  To the extent a response is required, the District denies the allegations in this paragraph.

## COUNT XXV
### Negligence (January 2022)
***Plaintiff Malaika Lewis against Defendants District of Columbia, Owens, Boyd, Rubin, Cipolari, Maubry, Arhin, and at least two other January 2022 Defendant Officers***

365.     Defendants need not answer this paragraph because it is pled in support of a claim that was dismissed by the Court.  See Mar. 2, 2025 Mem. and Order [26].  To the extent a response is required, the allegations are denied.

366.     Defendants need not answer this paragraph because it is pled in support of a claim that was dismissed by the Court.  See Mar. 2, 2025 Mem. and Order [26].  To the extent a response is required, the allegations are denied.

367.     Defendants need not answer this paragraph because it is pled in support of a claim that was dismissed by the Court.  See Mar. 2, 2025 Mem. and Order [26].  To the extent a response is required, the allegations are denied.

## COUNT XXVI
### Negligence (January 2022)
***Plaintiff N.L. against Defendants District of Columbia, Boyd, Cipolari, Maubry, and Finck***

368.     Defendants need not answer this paragraph because it is pled in support of a claim that was dismissed by the Court.  See Mar. 2, 2025 Mem. and Order [26].  To the extent a response is required, the allegations are denied.

369.     Defendants need not answer this paragraph because it is pled in support of a claim that was dismissed by the Court.  See Mar. 2, 2025 Mem. and Order [26].  To the extent a response is required, the allegations are denied.

## REQUEST FOR RELIEF

370.     Defendants deny the allegations in the first sentence of this paragraph.  The second sentence of this Paragraph purports to characterize the nature of Plaintiffs' action and contains legal conclusions. To the extent a response is required, Defendants deny that sentence.

371.     Defendants deny that Plaintiffs are entitled to any equitable, declaratory, or monetary relief, including any form of relief sought in the subparagraphs of Paragraph 371 or otherwise.  The Defendants request judgment in their favor, an award of the costs of this action, and such additional relief as the Court may deem appropriate.

* * *

## SET-OFF

The District asserts a set-off against any judgment entered against it in this action for all funds and services provided to or on behalf of Plaintiffs by any public assistance program.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Defendants demand a jury trial on every issue in this action that is triable of right by a jury.

Date: April 16, 2025.                                    Respectfully Submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

CHAD COPELAND
Deputy Attorney General
Civil Litigation Division

*/s/ Matthew R. Blecher*
MATTHEW R. BLECHER [1012957]
Chief, Equity Section

*/s/ Honey Morton*
HONEY MORTON [1019878]
Assistant Chief, Equity Section

*/s/ Brendan Heath*
RICHARD P. SOBIECKI [500163]
BRENDAN HEATH [1619960]
MARCUS D. IRELAND [90005124]
Assistant Attorneys General
Civil Litigation Division
400 Sixth Street, N.W.

Washington, D.C. 20001
(202) 442-9880
(202) 769-6157 (cell)
brendan.heath@dc.gov

*Counsel for Defendants*