UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MALAIKA LEWIS**, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **DISTRICT OF COLUMBIA**, *et al.*, <br><br> Defendants. | Civil Action No. 1:22-cv-03369-RDM |

## JOINT REPORT

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Civil Rule 16.3(d), and this Court's April 16, 2025 Minute Order, Plaintiffs Malaika Lewis and N.L. and Defendants District of Columbia, George Arhin, Monique Boyd, Diane Brooks, Natalie Charles, Albert Cipolari, Benjamin Finck, Chad Hambrick, Anthony Hector, Richard Kennedy, James Koenig, Lashaun Lockerman, Johnathan Matthews, Jermaine Mabry, Stephen Owens, Benjamin Rubin, and John Wright submit their Joint Report.

**1. Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the Parties recommend to the Court that discovery should await a decision on the motion.**

The Parties agree this case is not likely to be fully disposed of by dispositive motion at this stage. The Parties will evaluate the propriety of motions for summary judgment upon the completion of all discovery, but Defendants anticipate moving for summary judgment on at least some of Plaintiffs' surviving claims, including as to Defendants Arhin, Boyd, Brooks, Charles, Cipolari, Finck, Hambrick, Hector, Kennedy, Koenig, Lockerman, Matthews, Mabry, Owens, Rubin, and Wright's individual qualified immunity defenses.

**2. The date by which any other parties shall be joined or the pleadings amended, and whether some or all of the factual and legal issues can be agreed upon or narrowed.**

The Parties agree that all additional parties should be joined by August 30, 2025, and the pleadings amended in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. As discovery progresses, the Parties anticipate that stipulations may be achievable.

**3. Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The Parties do not agree to assign this case to a magistrate judge for all purposes, including trial.

**4. Whether there is a realistic possibility of settling the case.**

At the time of the submission of this Joint Report, the Parties do not believe there is a realistic possibility of settling the case. However, the Parties are committed to continuing settlement talks as litigation moves forward.

**5. Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

The Parties expect to continue their informal settlement discussions and will evaluate whether and when ADR (in particular, mediation) would be appropriate as those talks continue and formal discovery commences. Mediation may prove most useful near the close of discovery, but the Parties remain open to mediating at an earlier time. The Parties do not presently believe mediation needs to occur after judicial resolution of key legal issues.

Plaintiffs' counsel has discussed ADR with Plaintiffs prior to responding to this provision of Local Civil Rule 16.3(c). Defendants' counsel has discussed ADR with Defendants prior to responding to this provision of Local Civil Rule 16.3(c). The Parties do not believe neutral evaluation of the case would be beneficial at this time.

**6. Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, opposition, and replies; and proposed dates for a decision on the motions.**

The Parties will evaluate the propriety of motions for summary judgment upon the completion of discovery.

Plaintiffs propose that the Court set deadlines of September 1, 2026, for any dispositive or *Daubert* motions, November 2, 2026, for any oppositions, and December 1, 2026 for any replies.

Defendants propose that the Court require the Parties to submit a joint proposed briefing schedule for motions for summary judgment, if any, within 15 days of the close of fact or expert discovery, whichever occurs later. Defendants' position is that the Parties and the Court will be better able to estimate the length of time needed for summary judgment briefing after the close of discovery.

**7. Whether the Parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and if not, what if any changes should be made in the scope, form or time of those disclosures.**

The Parties have agreed that initial disclosures under Fed. R. Civ. P. 26(a)(1) should be exchanged on or before May 30, 2025.

**8. The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

The Parties anticipate seeking discovery on the facts and surrounding circumstances related to Plaintiffs' allegations in its complaint, Defendants' respective defenses, any expert disclosures, and all other matters that may lead to the discovery of admissible evidence. Further, the Parties agree that Plaintiffs will provide 30 days' notice of any Rule 30(b)(6) deposition of

the District to allow time for the Parties to reach agreement about the scope of the deposition and for the District to identify appropriate witness(es).

The Parties propose a deadline of February 2, 2026, for fact discovery; a deadline of March 2, 2026, for disclosure of Plaintiffs' expert reports and disclosures under Fed. R. Civ. P. 26(a)(2)(C); a deadline of May 1, 2026, for disclosure of Defendants' expert reports and disclosures under Fed. R. Civ. P. 26(a)(2)(C); and a deadline of May 30, 2026, for expert depositions. The Parties also propose a deadline of July 15, 2026, to take any additional discovery to the extent that discovery is based solely on expert disclosures or depositions. The Plaintiffs, collectively, and Defendants, collectively, may each take up to twenty-five depositions without further leave of the Court. The Parties will otherwise abide by the Federal Rules of Civil Procedure respecting limits on interrogatories and depositions. Defendants anticipate moving for the entry of a protective order to govern the exchange of confidential discovery materials, and Plaintiffs intend to review Defendants' draft in attempt to reach agreement.

**9. Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.**

The Parties have discussed the issue of electronically stored information and have agreed to work in good faith on the scope and production of such materials. The Parties are also discussing a Stipulated Order to govern the production of ESI. The Parties agree that documents should be produced in native format but may confer in good faith on producing electronic records in Portable Document Format (PDF) where production in that format will not degrade the information contained in a document or the accessibility or usefulness of the document (*e.g.*, Excel and PowerPoint will be produced natively). In the absence of agreement on other issues regarding discovery of electronically stored information, the Parties shall be bound by the Federal Rules of Civil Procedure.

In addition, in the event either party seeks the production of electronic communications (e.g., email), the Parties will meet and confer in good faith to establish reasonable search parameters for relevant materials, including search terms, custodians, and time periods, as well as a timeframe for production that takes into consideration the volume of documents to be searched, reviewed, and produced.

**10. Any issues about claims of privilege or of protection as trial-preparation materials, including—if the Parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.**

The Parties agree to be bound by the Federal Rules of Civil Procedure and Evidence with respect to claims of privilege or of protection as trial-preparation materials and may negotiate an alternate procedure (*e.g.*, for asserting privilege after production) in connection with Defendants' forthcoming proposed protective order. At this time, the Parties are not asking the Court to enter an order under Federal Rule of Evidence 502.

**11. Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2) should be modified, and whether and when depositions of experts should occur.**

The Parties have discussed the sequence and timing of expert discovery and propose the following. Plaintiffs shall serve their expert disclosures under Fed. R. Civ. P. 26(a)(2) by March 2, 2026. Defendants shall serve their expert disclosures under Fed. R. Civ. P. 26(a)(2) by May 1, 2026. Expert witness depositions shall be completed by May 29, 2026. The Parties also propose a deadline of July 15, 2026 to take any additional discovery prompted by the expert disclosures or depositions.

**12. In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

n/a

**13. Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation:**

The Parties have proposed separate phases for fact and expert discovery but do not otherwise believe that trial or discovery should be bifurcated or managed in phases.

**14. The date for a pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

Plaintiffs propose that the Court set a date for the pretrial conference based on the amount of time it anticipates requiring to resolve any motions for summary judgment.

Defendants propose that the Court set a date for the pretrial conference after resolution of motions for summary judgment.[1]

**15. Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

Plaintiffs' position is that the Court should set a trial date at the scheduling conference.

Defendants' position is that the Court should set a trial date at the pretrial conference or an earlier time after the Court resolves any motions for summary judgment. Given that this case involves two discrete and separate incidents, several claims, and several individual Defendants, each of whom will likely raise a qualified immunity defense—the denial of which would be immediately appealable—Defendants do not believe that it would be prudent to set a trial date with so much uncertainty as to ultimate scope of the trial.

**16. Such other matters that the Parties believe may be appropriate for inclusion in the scheduling order.**

n/a

---

[1] The final page of this filing includes a proposed Joint Scheduling Order, which leaves blank the date for the pretrial conference to allow the Court to select a date at its discretion.

| | |
|---|---|
| Dated: April 25, 2025. | Respectfully submitted, |
| */s/ Brittany Francis* | BRIAN L. SCHWALB |
| BRITTANY FRANCIS [90008960] | Attorney General for the District of Columbia |
| Deputy Director of Litigation | |
| JEFFREY STEIN [D.C. Bar 1010724]* | CHAD COPELAND |
| Deputy Director of Litigation | Deputy Attorney General |
| CIVIL RIGHTS CORPS | Civil Litigation Division |
| 1601 Connecticut Ave. NW, Suite 800 | |
| Washington, D.C. 20009 | */s/ Matthew R. Blecher* |
| Phone: (202) 932-1276 | MATTHEW R. BLECHER [1012957] |
| Email: jeff@civilrightscorps.org | Chief, Equity Section, Civil Litigation Division |
| | */s/ Honey Morton* |
| *Counsel for Plaintiffs* | HONEY MORTON [1019878] |
| | Assistant Chief, Equity Section |
| | */s/ Marcus D. Ireland* |
| | RICHARD P. SOBIECKI [500163] |
| | BRENDAN HEATH [1619960] |
| | MARCUS D. IRELAND [90005124] |
| | Assistant Attorneys General |
| | 400 6th Street, NW |
| | Washington, D.C. 20001 |
| | Phone: (202) 702-2910 |
| | Email: marcus.ireland@dc.gov |
| | *Counsel for Defendants* |

*Application for admission *Pro Hac Vice* forthcoming.

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MALAIKA LEWIS,** *et al.*, <br><br>    Plaintiffs, <br><br> v. <br><br> **DISTRICT OF COLUMBIA,** *et al.*, <br><br>    Defendants. | **Civil Action No. 1:22-cv-03369-RDM** |

# JOINT SCHEDULING ORDER

IT IS HEREBY ORDERED that the following Scheduling Order is entered, subject to the rights of the parties to modify the schedule by stipulation and the right of any party to request that the Court modify the Scheduling Order for good cause shown:

| | |
|---|---|
| Initial Disclosures | May 30, 2025 |
| Joinder of Additional Parties | August 30, 2025 |
| Amendment of Pleadings | Motion to be filed and subject to Fed. R. Civ. P. 15 |
| Close of Fact Discovery | February 2, 2026 |
| Plaintiffs' Expert Reports Due | March 2, 2026 |
| Defendants' Expert Reports Due | May 1, 2026 |
| Deadline to Depose Expert Witnesses | May 29, 2026 |
| Deadline for Discovery Prompted by Expert Disclosures or Depositions | July 15, 2026 |
| Briefing Schedule for Motions for Summary Judgment | Parties to file Joint Status Report by June 12, 2026, with proposed briefing schedule. |
| Plaintiffs' proposal: Dispositive and *Daubert* Motions Due | September 1, 2026 |
| Plaintiffs' proposal: Oppositions to Dispositive and *Daubert* Motions Due | November 2, 2026 |
| Plaintiffs' proposal: Replies in Support of Dispositive and *Daubert* Motions Due | December 1, 2026 |
| Pretrial Conference | TBD |
| Trial | TBD |

**IT IS SO ORDERED.**

_____    _____
Date                           Hon. Randolph D. Moss
                               United States District Judge