# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MALAIKA LEWIS**, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **DISTRICT OF COLUMBIA**, *et al.*, <br><br> Defendants. | Civil Action No. 1:22-cv-03369-RDM |

## ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), and it appearing that discovery in this action is likely to involve the disclosure of confidential information, it is **ORDERED** that the following shall govern the Parties' exchange and use of materials[1] containing confidential information during the pendency of this action, including any appeals.

### CONFIDENTIAL INFORMATION SUBJECT TO THIS ORDER

1. The Parties may treat the following categories of information as CONFIDENTIAL INFORMATION under this Order:

    a. Personal information, including, but not limited to, an individual's home address, telephone number, date of birth, social security number, information that pertains to an individual's financial affairs and health (physical or mental), an individual's life and health insurance information, and/or any other personal information unique to an individual;

    b. Information contained in an employee or former employee's personnel file, disciplinary file, and/or adverse action file that is not subject to public disclosure under the D.C. Freedom of Information Act;

    c. Other information protected by or specifically prohibited from release by statute or regulation;

---

[1] The term "materials" as used in this Order is intended to encompass all documents and electronically-stored information discoverable under the Federal Rules of Civil Procedure.

      d.      Information relating to law enforcement policies, practices, or investigations that is not subject to public disclosure under the D.C. Freedom of Information Act.

**TIMING AND DESIGNATION OF CONFIDENTIAL INFORMATION**

2. Any party wishing to designate materials as containing CONFIDENTIAL INFORMATION, subject to the protections of this Order, shall at the time of production stamp or otherwise mark (designate) the material with the word(s) "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION." To the extent the material contains both CONFIDENTIAL and non-confidential information, the producing party may designate the material in its entirety CONFIDENTIAL. If, at a later date, the non-producing party intends to disclose materials containing both CONFIDENTIAL and non-confidential information publicly, the Parties will confer regarding what, if any, redactions are necessary before publicly disclosing the materials. The non-producing party will be responsible for making any necessary redactions.

3. Unless a different procedure is agreed upon by the Parties in writing, a party designating data from a database as CONFIDENTIAL shall do so by exporting the data in XLS format or other format supported by Microsoft Excel (data export) and designating within the data export the specific field(s) that contain CONFIDENTIAL INFORMATION. Data included within the field(s) designated according to this Paragraph as well as compilations, subsets, or other reproductions of such data that contain CONFIDENTIAL INFORMATION shall be considered CONFIDENTIAL materials under this Order.

4. Any party wishing to designate materials provided by a non-party as CONFIDENTIAL shall submit to the other party, within 20 business days of receipt of the materials, written notice of the party's intent along with a copy of the materials designated according to Paragraph 2 or 3, as applicable. During the 20 business days following production by a non-party, all such materials shall be deemed CONFIDENTIAL, subject to the protections of this Order, to allow the Parties time to review the materials for CONFIDENTIAL INFORMATION. If the a party disagrees with a CONFIDENTIAL

designation of any of the materials, the party shall follow the procedures set forth in Paragraphs 18 and 19 below for resolving such disputes.

## HANDLING OF CONFIDENTIAL INFORMATION

5. Materials designated CONFIDENTIAL under this Order shall not be disclosed by any party for any purpose other than discovery and trial in this action and any appeal, except as provided in this Order.

6. Materials designated as CONFIDENTIAL may only be disclosed or made available to:
    a. Counsel who are attorneys of record, including their partners, associates, associated counsel, paralegals, and clerical staff;
    b. The named Parties, including their officers, employees, and agents who are decisionmakers for purposes of the litigation;
    c. Individuals who authored, produced, or received the materials designated as CONFIDENTIAL in the normal course of business apart from the litigation;
    d. Experts employed by the Parties or their counsel for consultation or to render expert opinions in accordance with Fed. R. Civ. P. 26(a)(2), including any necessary clerical or other associated personnel of such experts;
    e. Technical consultants or vendors retained by a party to handle discovery; and
    f. Court personnel, including certified court reporters.

7. Before a party provides materials designated as CONFIDENTIAL to any of the persons identified in Paragraph 6(d) and 6(e), the party shall inform the intended recipient of the party's obligations under this Order, and the intended recipient shall sign a statement acknowledging agreement to the terms, in the form of Exhibit A.

## CONFIDENTIAL INFORMATION AT DEPOSITIONS

8. Only the individuals listed in Paragraph 6, the witness, and his or her attorney may be present at an examination concerning materials designated as CONFIDENTIAL. Individuals attending such an examination shall comply with the requirements of Paragraph 7, as applicable.

9. A party may designate as CONFIDENTIAL any information, testimony, or exhibit disclosed or obtained during a deposition that the party reasonably believes meets the definition of CONFIDENTIAL INFORMATION in Paragraph 1, by indicating on the record that such material is CONFIDENTIAL and subject to the provisions of this Order. Whenever any material designated as CONFIDENTIAL is marked as an exhibit during a deposition, the exhibit shall be separated from non-confidential exhibits and separately bound, unless the Parties stipulate otherwise in writing prior to the deposition or at the deposition on the record.

10. The party presenting materials previously designated as CONFIDENTIAL at a deposition or designating information as CONFIDENTIAL during the deposition is obligated to inform the court reporter of the procedures for handling CONFIDENTIAL INFORMATION under this Order.

11. Any party who objects to the designation of material as CONFIDENTIAL during a deposition must note the objection on the record. The CONFIDENTIAL designation shall remain in place, and the objecting party shall not publicly disclose the information, testimony, transcript, or exhibit designated as CONFIDENTIAL, without prior approval of the Court or withdrawal of the designation by the designating party.

12. All deposition transcripts shall be treated as CONFIDENTIAL under this Order for a period of 30 days after the transcript first becomes available on a non-expedited basis to allow the Parties time to review the transcript for CONFIDENTIAL INFORMATION and inform the court reporter (with a copy to the other Parties) of the pages and lines or exhibits to be designated as CONFIDENTIAL. The passage of this 30-day period shall not prohibit a party from later designating information as CONFIDENTIAL; however, if such a designation is challenged by motion to the Court, the party allowing the 30 days to pass without designating the information as CONFIDENTIAL will bear the burden of showing that the information is CONFIDENTIAL and has not been publicly disclosed.

Information designated as CONFIDENTIAL during a deposition does not lose its confidential designation by the passage of the 30-day period described in this paragraph.

13. Deposition transcripts, testimony, or exhibits designated as CONFIDENTIAL shall only be disclosed to the witness, his or her attorney, and individuals identified in Paragraph 6, subject to the requirements of Paragraph 7.

## CONFIDENTIAL INFORMATION IN COURT FILINGS

14. Materials designated as CONFIDENTIAL under this Order lose their designation by virtue of being publicly filed (in an unsealed filing) with the Court by any designating party. If a non-designating party or a third party publicly files (in an unsealed filing) materials designated as CONFIDENTIAL under this Order, the materials do not lose their CONFIDENTIAL designation, regardless of the form of the submission to the Court.

15. CONFIDENTIAL INFORMATION filed with, attached to, quoted in, or summarized in any document filed with the Court shall be file under seal pursuant to LCvR 5.1 and the procedures governing e-filing sealed documents in unsealed cases set out on the Court's website at https://www.dcd.uscourts.gov/e-filing-sealed-documents-unsealed-cases. No further order of the Court shall be necessary for the clerk to accept the filing under seal and for sealing such submission.

## CONFIDENTIAL INFORMATION IN OPEN COURT

16. Materials designated as CONFIDENTIAL under this Order lose their designation if they are subsequently offered in open court by any designating party, regardless of the form of the presentation to the Court, subject to the provisions regarding Inadvertent Disclosure set forth in Paragraphs 28–31. If a non-designating party or a third party offers materials designated as CONFIDENTIAL under this Order, the materials do not lose their CONFIDENTIAL designation.

17. The use of CONFIDENTIAL INFORMATION during a hearing, trial, or otherwise in open court shall be subject to such protections as the Court shall determine. A party that

intends to introduce its own CONFIDENTIAL material in open court shall be responsible for taking appropriate measures with the Court to maintain its confidentiality. If a party intends to introduce material designated by another party as CONFIDENTIAL, the introducing party shall, wherever practicable, provide its opponent advanced written notice precisely describing the CONFIDENTIAL material it intends to introduce. Under such circumstances, the opponent shall be responsible for taking appropriate measures with the Court to maintain the confidentiality of its information.

## CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

18. If any party disagrees at any stage of this action with the designation of any information as CONFIDENTIAL, the Parties shall first try to resolve the dispute in good faith informally. Any receiving party may at any time request that the producing or designating party withdraw the CONFIDENTIAL designation with respect to any material. Any such request shall be made in writing, served on counsel for the producing or designating party, and shall identify: (a) the CONFIDENTIAL INFORMATION that the receiving party contends is improperly designated; (b) the basis for the receiving party's objection(s) to the designation; and (c) three alternate dates and times within two weeks of the notice that the receiving party is available to confer regarding the challenged designation.

19. If the Parties cannot resolve their dispute informally, the receiving party may object to the designation by utilizing the procedure for bringing discovery disputes to the Court's attention as set forth in the Court's standing order or, if no such procedure is specified, by motion to the Court under Federal Rule of Civil Procedure 37. The burden of proving the confidentiality of the designated materials under the terms of this Order shall be borne by the party that produced the materials and/or designated them CONFIDENTIAL. If a dispute is brought to the Court for resolution pursuant to this Paragraph, the initial confidentiality designation shall remain in place until the Court resolves the matter and thereafter shall be governed by the Court's ruling.

20. The receipt or use by any party of any material designated CONFIDENTIAL without challenging the confidentiality designation shall not constitute evidence, an admission, or a concession that the material is in fact CONFIDENTIAL under the terms of this Order.

**NON-APPLICABILITY TO CERTAIN MATERIALS AND USES**

21. Nothing in this Order shall preclude any party to the action, their attorneys, or any other person from disclosing or using, in any manner or for any purpose, any material that has been or could be publicly disclosed if such information is lawfully obtained from another source.

22. Notwithstanding the terms of this Order, the Parties and their attorneys may use and disclose their own CONFIDENTIAL materials in any manner or for any purpose, without restriction. The designating Parties' and/or their attorneys' public disclosure of their own CONFIDENTIAL materials shall constitute a waiver of confidentiality.

23. Nothing in this Order shall preclude any party to this action, their attorneys, or any expert retained by a party from using materials or data designated as CONFIDENTIAL to prepare compilations, subsets, opinions, or other reproductions or summaries that do not reveal CONFIDENTIAL INFORMATION. Such compilations, subsets, opinions, or other reproductions or summaries that do not reveal CONFIDENTIAL INFORMATION shall not be subject to the terms of this Order and may be disclosed or used by the Parties and their attorneys, in any manner and for any purpose.

24. Nothing in this Order shall preclude a party who has designated materials or data as CONFIDENTIAL under this Order from authorizing an otherwise prohibited disclosure or use of the CONFIDENTIAL materials or data, so long as the authorization is provided in writing by the designating party or the party's attorney. Where the District of Columbia is the designating party, the authorization contemplated by this paragraph may be provided by the Deputy Attorney General for the Civil Litigation Division of the Office of the Attorney General or his/her designee.

## NON-WAIVER OF PRIVILEGES AND OBJECTIONS

25. Nothing in this Order shall be deemed a waiver of any right to object on any ground to the admission in evidence of any material designated as CONFIDENTIAL.

26. The entry of this Order shall not constitute a waiver by any party of any objection to the disclosure or production of any information or material during discovery, nor shall this Order be construed to require the production of CONFIDENTIAL INFORMATION that is protected from disclosure.

27. Notwithstanding the terms of this Order, the Parties may redact information from materials prior to disclosure, without affecting the designation of such materials as CONFIDENTIAL.

## INADVERTENT DISCLOSURE

28. The inadvertent disclosure of material that a party reasonably believes should have been designated as CONFIDENTIAL under this Order or that is otherwise protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, immunity, or protection shall not constitute a waiver of the protections of this Order or of any privilege, immunity, or protection, provided that the disclosing party notifies the receiving party in writing of its intent to claw back the inadvertently disclosed material within seven business days of discovering the inadvertent disclosure.

29. The following procedures shall govern the handling of inadvertently disclosed material after notice of the inadvertent disclosure satisfying the requirements of Paragraph 28 is made.

    a. Immediately upon receipt of notice concerning an inadvertent disclosure, and until the inadvertently disclosed material is returned or destroyed (as described immediately below), the receiving party shall treat the material as CONFIDENTIAL under this Order.

b. Within three days of receiving notice of an inadvertent disclosure, the receiving party shall return or destroy the inadvertently disclosed material and notify the disclosing party in writing of the material's return or destruction.

c. Within ten days of receiving the notice that inadvertently disclosed material has been returned or destroyed, the disclosing party shall reproduce to the receiving party a copy of the inadvertently disclosed material, in whole or in part, consistent with the designation of confidentiality under this Order or the disclosing party's assertion of privilege, immunity, or other protection. If the disclosing party intends to withhold the material in its entirety, the disclosing party shall, within the same time, notify the receiving party in writing of its intention, including in the notice a description of the material and a sufficiently detailed explanation of the grounds to allow the receiving party to assess the claim of privilege, immunity, or other protection.

30. So long as a disclosing party timely complies with the procedures outlined in Paragraphs 28 and 29, no receiving party shall assert inadvertent disclosure as a basis for compelling the production of the inadvertently disclosed material, and no motion seeking the production of inadvertently disclosed material shall describe the material's contents in any way that would diminish or destroy the privilege, immunity, or protection asserted by the disclosing party.

31. If a party is in receipt of material that it has reason to believe was inadvertently disclosed because it appears to contain information that is subject to protection under the terms of this Order or a claim of privilege, immunity, or other protection, the party shall take reasonable steps to notify the disclosing party so that the disclosing party may make a determination of whether such material was inadvertently disclosed.

## MISCELLANEOUS PROVISIONS

32. This Order shall be binding upon the Parties, upon their attorneys, and upon the Parties' and their attorneys' successors, executors, personal representatives, administrators, heirs,

legal representatives, assigns, subsidiaries, divisions, officers, directors, employees, agents, and independent contractors, and other persons or organizations over which they have control.

33. The terms of this Order shall survive the final termination of this litigation and shall continue to apply to all CONFIDENTIAL INFORMATION that has not properly become a matter of public record.

34. Within 30 days after a final order disposing of all claims against all Parties in this case is entered and the time for filing an appeal has expired without an appeal having been noted; an order is entered dismissing this case upon the joint request of the Parties; or upon the conclusion of any Court-approved settlement agreement, Consent Decree, or Consent Judgment, the designating party may make a demand upon the receiving party for return or destruction of all materials considered CONFIDENTIAL INFORMATION under this Order, including "copies" as defined above. No party shall have any obligation to return or destroy CONFIDENTIAL INFORMATION if such a demand is not timely made. The terms of the protective order continue to apply to CONFIDENTIAL INFORMATION produced during this litigation regardless of whether a designating party demands the return or destruction of Confidential Information under this order. No party shall be obligated to destroy or return pleadings, attorney work-product, and litigation documents, including deposition and other transcripts containing CONFIDENTIAL INFORMATION, interrogatory responses, or emails or written correspondence containing, summarizing, referencing, or attaching CONFIDENTIAL INFORMATION. Where the demand for return or destruction is timely made, the subject documents shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the Parties agree to destruction to the extent practicable in lieu of return; (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party (*i.e.*, attorney work product), that party elects to destroy the documents and certifies to the

producing party that it has done so; or (4) retention is required by other laws, rules, or regulations. The Parties may choose to agree that the receiving party shall destroy documents containing CONFIDENTIAL INFORMATION and certify the fact of destruction, and that the receiving party shall not be required to locate, isolate and return e-mails (including attachments to e-mails) that may include CONFIDENTIAL INFORMATION or CONFIDENTIAL INFORMATION contained in deposition transcripts or drafts or final expert reports.

35. If a party seeks discovery from a third party to this action, the third party may invoke the terms of this Order by providing notice in writing to all Parties and producing any such discovery in according with the Order.

Date: 6/12/25

HON. RANDOLPH D. MOSS
United States District Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MALAIKA LEWIS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DISTRICT OF COLUMBIA, *et al.*, <br><br> Defendants. | Civil Action No. 1:22-cv-03369-RDM |

## ACKNOWLEDGEMENT OF CONFIDENTIALITY

I understand that confidential documents, testimony, and/or information may be revealed to me for purposes of the above-captioned lawsuit. I have been advised that, by agreement of the Parties to the lawsuit and as ordered by the Court, such documents, testimony and/or information may not be used for any purposes other than the prosecution or defense of the lawsuit. By executing this acknowledgement, I certify that I have read the Protective Order entered by the Court and agree to maintain the confidentiality of any documents, testimony and/or information provided to me and otherwise abide by the terms of the Protective Order. I have been advised that any unauthorized use or disclosure by me of any confidential documents, testimony and/or information will be treated as a breach of the Protective Order for which I may be liable for damages and subject to sanction by the Court, and I agree to subject myself to the jurisdiction of the Court for purposes of enforcement of the terms of the Protective Order.

Date: _____         Print Name: _____

                                                                      Signature: _____